JENSON v PUSTE

Docket No. 292731. Submitted October 12, 2010, at Detroit. Decided
     October 21, 2010, at 9:05 a.m.

     Brandi Jenson filed a petition in the Wayne Circuit Court for a
     personal protection order (PPO) against Paul Puste after the two
     were divorced. The petition was granted, and the PPO was entered
     in November 2006. When the PPO expired in November 2007,
     Jenson did not renew it. In 2009, Puste moved for entry of a
     consent order to vacate the PPO *nunc pro tunc* and to seal the
     court file. The court, Eric W. Cholack, J., denied the motion after
     concluding that MCR 8.119(F)(5) prohibited the court from sealing
     a court order or opinion. Puste appealed.

          The Court of Appeals *held*:

          The trial court correctly concluded it lacked authority to seal
     the order. MCR 8.119(F)(1) provides that a court may not seal
     court records unless (1) a party has filed a written motion that
     identifies the specific interest to be protected, (2) the court has
     made a finding of good cause, in writing or on the record, that
     specifies the grounds for the order, and (3) there is no less
     restrictive means to adequately protect the specific interest as-
     serted. Although the court rule thus allows a court to exercise its
     discretion in sealing court records, which include orders such as
     the PPO in this case, MCR 8.119(F)(5) specifically prohibits a
     court from sealing court orders and opinions. The limited discre-
     tionary authority extended to a court deciding a motion to seal
     court records under MCR 8.119(F)(1) is not extended to a court
     deciding a motion to seal a court order or court opinion under MCR
     8.119(F)(5).

          Affirmed.

Courts — Records — Sealing Court Records — Orders.

     A court may not seal court records unless (1) a party has filed a
     written motion that identifies the specific interest to be protected,
     (2) the court has made a finding of good cause, in writing or on the
     record, that specifies the grounds for the order, and (3) there is no
     less restrictive means to adequately protect the specific interest

asserted; however, the court is specifically prohibited from sealing a court order or opinion (MCR 8.119[F] [1], [5]).

*Forrest & Smith, P.C.* (by *Nicole L. Smith*), for Paul Puste.

Before: MURRAY, P.J., and K. F. KELLY and DONOFRIO, JJ.

K. F. KELLY, J. Defendant, Paul Puste, appeals as of right the trial court's order denying his motion for entry of a consent order to vacate a personal protection order (PPO) *nunc pro tunc*[1] and to seal the court file pursuant to MCR 8.119(F). Resolution of this matter requires us to determine whether a trial court has the authority to seal a PPO pursuant to MCR 8.119(F). The trial court held that it did not, and we agree. We hold that under the plain language of MCR 8.119(F)(5), a court is prohibited from sealing court orders and court opinions. We affirm.

## I. BASIC FACTS

The parties to this action were divorced in March 2006 after 23 years of marriage. In November 2006, plaintiff petitioned for entry of a PPO against defendant. Plaintiff indicated that defendant was repeatedly calling her and her friends, tapping on her windows at night, and entering her home without permission. Plaintiff was fearful that defendant's actions would escalate into violence because defendant had recently lost his job as a hospital administrator and between January and March 2006 had struck her, knocked her down, and spat on her. On November 27, 2006, plain-

---

[1] A judgment or order entered *nunc pro tunc* is one that is entered on a day after the time that it should have been entered, as of the earlier date. See Black's Law Dictionary (9th ed), pp 920, 1174.

tiff's petition was granted and a PPO was entered against defendant. This order prohibited defendant from contacting plaintiff, from following her, and from otherwise appearing within her sight, among other prohibited contact. The order remained in effect for a year, apparently without further incident. Plaintiff did not seek to renew the PPO after it expired in November 2007.

On April 3, 2009, defendant moved for entry of a consent order to vacate the PPO *nunc pro tunc* and to seal the court file. Defendant contended that, even though the PPO had been removed from the Michigan State Police's Law Enforcement Information Network (LEIN) system, a background check of defendant through the court system revealed the existence of the expired PPO. Defendant alleged that he had been unable to obtain new employment because his background check revealed the PPO. Accordingly, defendant asked the court to find good cause to seal the court file pursuant to MCR 8.119(F)(1) and enter a consent order to vacate the PPO *nunc pro tunc*. Defendant filed a copy of the consent order with the motion, which both plaintiff and defendant had signed.

Plaintiff did not appear at the motion hearing on April 24, 2009. At that hearing, the trial court indicated that it was "not convinced [that it had] the authority to seal the file." The court suggested that it did not have the power to do so pursuant to MCR 8.119(F)(5) and that the matter was an inappropriate use of a court's power to give legal effect *nunc pro tunc*. Instead of denying the motion, the trial court allotted defendant additional time to brief the issues.

In his brief, defendant argued that he had shown good cause for sealing the record and that no less restrictive means existed to protect the interest af-

fected, i.e., his ability to find new employment, as required by MCR 8.119(F)(1). Defendant further argued that MCR 8.119(F)(5) grants a court discretion to seal a court order or opinion.[2] At the next motion hearing on May 15, 2009, the trial court denied defendant's motion, reasoning that MCR 8.119(F)(5) does not grant a court discretion to seal a court order or opinion. Plaintiff was also not present at this hearing and has not filed any documents with the trial court or this Court. Defendant now appeals.

## II. STANDARDS OF REVIEW

To the extent that a trial court has discretion to seal court records, we review its decision for an abuse of discretion. See *Int'l Union, United Auto, Aerospace & Agricultural Implement Workers of America v Dorsey*, 268 Mich App 313, 329; 708 NW2d 717 (2005), rev'd in part on other grounds 474 Mich 1097 (2006). A court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). We review de novo the trial court's interpretation of the court rule. *Decker v Rochowiak*, 287 Mich App 666, 674; 791 NW2d 507 (2010). The principles that apply to statutory construction apply equally to our interpretation of court rules. *Green v Ziegelman*, 282 Mich App 292, 301; 767 NW2d 660 (2009). Our goal in interpreting a court rule is to give effect to the intent of the Supreme Court, the drafter of the rules. *Vyletel-Rivard v Rivard*, 286 Mich App 13, 21; 777 NW2d 722 (2009). The first step in doing so is analyzing the language used because the words contained in the court rule are the most reliable evidence

---

[2] After the April hearing, defendant abandoned his argument as it related to his motion for the court to vacate the PPO *nunc pro tunc*. He also did not in this Court brief the issue or provide any supporting law.

of the drafters' intent. *Green*, 282 Mich App at 301. We must consider the provision in its entirety and its place within the context of the rules in order to produce a harmonious whole. *Henry v Dow Chem Co*, 484 Mich 483, 495; 772 NW2d 301 (2009). If the rule's language is plain and unambiguous, then judicial construction is not permitted and the rule must be applied as written. *Vyletel-Rivard*, 286 Mich App at 22. "[W]hen reasonable minds can differ on the meaning of the language of the rule, then judicial construction is appropriate." *Wilcoxon v Wayne Co Neighborhood Legal Servs*, 252 Mich App 549, 553; 652 NW2d 851 (2002).

### III. ANALYSIS

On appeal, defendant contends that the trial court erred by denying his motion to seal the PPO-related court file, including the 2006 PPO. He argues that MCR 8.119 gives the trial court discretion to seal these documents and that sealing the records is justified upon his showing of good cause and the fact that no less restrictive means are available to adequately protect his interest. We disagree with defendant's interpretation of the court rule.

MCR 8.119 governs a court's maintenance of court records, the public's access to those records, and the circumstances under which a court may seal, or perpetually prohibit the public's access to, those records. The rule "applies to all actions in every trial court," MCR 8.119(A), and implicitly recognizes that court records often pertain to matters in which the public has an interest. See MCR 8.119(E) (granting public access to copy records for a "reasonable cost"); MCR 8.119(F)(1) (conditioning a party's ability to seal court records on a showing that other less restrictive means of protecting the interest affected are not available);

MCR 8.119(F)(2) (mandating that a court consider the public's interest when determining whether good cause has been shown). The rule broadly defines "court records" as including "all documents and records of any nature that are filed with the clerk in connection with the action." MCR 8.119(F)(4).

At issue here is subrule (F), MCR 8.119(F), which establishes a procedure by which a court may seal court records. Subrule (F), titled "Sealed Records," provides:

(1) Except as otherwise provided by statute or court rule, a court *may not* enter an order that seals *courts records,* in whole or in part, in any action or proceeding, *unless*

(a) a party has filed a written motion that identifies the specific interest to be protected,

(b) the court has made a finding of good cause, in writing or on the record, which specifies the grounds for the order, and

(c) there is no less restrictive means to adequately and effectively protect the specific interest asserted.

(2) In determining whether good cause has been shown, the court must consider,

(a) the interests of the parties, including, where there is an allegation of domestic violence, the safety of the alleged or potential victim of the domestic violence, and

(b) the interest of the public.

(3) The court must provide any interested person the opportunity to be heard concerning the sealing of the records.

(4) For purposes of this rule, *"court records" includes all documents and records of any nature that are filed with the clerk in connection with the action.* Nothing in this rule is intended to limit the court's authority to issue protective orders pursuant to MCR 2.302(C).[3]

---

[3] Pursuant to an order issued May 18, 2010, our Supreme Court amended subrule (F)(4), effective September 1, 2010, to clarify that

(5) A court *may not seal a court order or opinion*, including an order or opinion that disposes of a motion to seal the record.

(6) Any person may file a motion to set aside an order that disposes of a motion to seal the record, or an objection to entry of a proposed order. MCR 2.119 governs the proceedings on such a motion or objection. If the court denies a motion to set aside the order or enters the order after objection is filed, the moving or objecting person may file an application for leave to appeal in the same manner as a party to the action. See MCR 8.116(D).

(7) Whenever the court grants a motion to seal a court record, in whole or in part, the court must forward a copy of the order to the Clerk of the Supreme Court and to the State Court Administrative Office. [MCR 8.119(F) (emphasis added).]

Subrule (F)(1) prohibits a court from entering an order sealing "court records, in whole or in part" unless a party has filed a motion identifying the interest to be protected, the court has made a finding of good cause, and sealing the records is the least restrictive means of protecting the interest identified. MCR 8.119(F)(1). Thus, whenever a party moves to seal a "court record," the court may not do so unless it finds, in its discretionary capacity, that the party has met the requirements of subrule (F)(1)(a), (b), and (c).

---

materials filed with a court that relate to a motion to seal a record are nonpublic until the court disposes of the motion. 486 Mich lxii, lxiii. Subrule (F)(4) now provides:

> For purposes of this rule, "court records" includes all documents and records of any nature that are filed with the clerk in connection with the action. Nothing in this rule is intended to limit the court's authority to issue protective orders pursuant to MCR 2.302(C). Materials that are subject to a motion to seal a record in whole or in part shall be held under seal pending the court's disposition of the motion.

This amendment has no effect on defendant's appeal.

Clearly, the definition of "court records" encompasses court orders, like the PPO at issue in this case, as well as court opinions, which are documents or records that, in practice, are filed with a court's clerk in connection with an action. See MCR 8.119(F)(4). However, subrule (F)(5) specifically prohibits a court from sealing court orders and opinions. The subrule states, "A court *may not seal a court order or opinion*, including an order or opinion that disposes of a motion to seal the record." MCR 8.119(F)(5) (emphasis added). Significantly, this subrule does not give a court the authority to exercise discretion in deciding whether to seal these two types of court records, unlike the limited discretion that subrule (F)(1) allows when a motion involves other court records. Thus, reading subrules (F)(1) and (F)(5) together, in light of the definition of "court records," it is clear that subrule (F)(1) is an inclusive provision that applies to all court records, but subrule (F)(5) is an exclusive provision that excepts from the requirements of subrule (F)(1) court orders and opinions. In other words, the limited discretionary authority extended to a court deciding a motion to seal court records under subrule (F)(1) is not extended to a court deciding a motion to seal a court order or court opinion under subrule (F)(5).

The remaining question is whether the plain language of subrule (F)(5) provides a court with any amount of discretion under circumstances in which a party moves to seal a court order or opinion. Defendant is of the view that the words "may not" provide a court with the discretionary authority to do so. We disagree. It is true that the term "may" is typically used in a discretionary fashion. However, under some circumstances the words "may not" can mean "cannot" or "shall not." See *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008). And indeed, while the word

"may" denotes permissive authority or discretion, the word "not" is used to express "negation, denial, refusal, [or] prohibition." *Random House Webster's College Dictionary* (1997). Thus, coupled together, the word "not" negates the permissive authority alluded to by the word "may."

Our understanding of these words as granting a court no discretionary authority in the context of subrule (F)(5) is further supported by a reading of subrule (F) as a whole. As noted, while subrule (F)(1) prohibits a court from sealing "court records," it provides exceptions to this general rule by granting a court some discretion to seal court records under certain circumstances. Conversely, subrule (F)(5) singles out particular court records—court orders and opinions—and simply states that they "may not" be sealed; the subrule does not explicitly grant any discretionary authority similar to that provided in subrule (F)(1). For us to declare that court orders and opinions are subject to the same discretionary authority as other court records under subrule (F)(1), as defendant would have this Court do, would make subrule (F)(5) a superfluous provision and would render it nugatory. Adopting such an interpretation is contrary to the rules of statutory interpretation and to the plain language of the provision. *Johnson v White*, 261 Mich App 332, 348; 682 NW2d 505 (2004). Our viewpoint is further supported by the maxim, "[W]here a statute contains a general provision and a specific provision, the specific provision controls." *Gebhardt v O'Rourke*, 444 Mich 535, 542-543; 510 NW2d 900 (1994). Thus, there is no reason to impute the discretionary authority granted to a court ruling on a motion to seal court records under subrule (F)(1) to a court deciding whether to seal a court order or opinion under subrule (F)(5). Rather, the Supreme Court specifically drafted a separate provision that

pertains only to court orders and opinions, and the Court specifically chose not to attach any language subjecting this prohibition to any exceptions that would allow a court to exercise discretion.

Lastly, in light of the court rule's general purpose of providing public access to court records, the intent of the rule is contrary to a reading that would grant a court unbridled discretion in deciding whether to seal a court order or opinion. Arguably, a court's orders and opinions are most responsive to the public's interest in significant legal events affecting the community,[4] and public access to orders and opinions is imperative to ensuring the integrity of this state's judiciary. Accordingly, we hold that a court is prohibited from sealing court orders and court opinions under MCR 8.119(F)(5), given that subrule's plain language.

Affirmed.

---

[4] See *In re Contempt of Henry*, 282 Mich App 656, 678; 765 NW2d 44 (2009) ("[A] court speaks through its written orders and judgments . . . .").