# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY LENNON,

Plaintiff-Appellant/Cross-Appellee,

v

EDWARD G. LENNON and EDWARD G. LENNON, PLLC,

Defendants-Appellees/Cross-Appellants.

UNPUBLISHED
April 19, 2016

No. 324803
Oakland Circuit Court
LC No. 2014-142392-CZ

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants. Defendants filed a cross-appeal on the basis of the trial court's orders denying their requests for sanctions. We affirm the trial court's order granting summary disposition in favor of defendants, reverse the trial court's order denying defendants' motion for sanctions for the filing of a frivolous action, and remand for a determination of the award of costs to defendants.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a nonlawyer, filed a lawsuit against defendants seeking to recover amounts owed from defendant Edward G. Lennon (Edward), a licensed Michigan attorney, relating to an alleged agreement to compensate plaintiff for a referral through the sharing of the legal fees collected. Plaintiff is employed as a private investigator with clientele in the legal field. Edward is his brother and has a legal practice in the state of Michigan. Plaintiff received a request from a friend and business associate for a referral to a divorce attorney. In his complaint, plaintiff alleged that he consulted Edward in the matter, and Edward suggested referral to a colleague of his. Plaintiff claimed that Edward assured him that he would receive payment for the referral if the client retained Edward's colleague for the divorce. Plaintiff alleged that he referred the client to Edward's colleague under those terms. Plaintiff asserts that Edward subsequently received payment for the referral, but did not share any of the payment with plaintiff.

Plaintiff brought suit to recover his share of the fee, under theories of breach of contract, unjust enrichment, and fraud. Defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and sought sanctions against plaintiff under MCR 2.114 and MCL 600.2591 for

-1-

filing frivolous claims. The trial court ruled that the alleged contract between plaintiff and Edward was contrary to the rules of professional conduct precluding a nonlawyer from recovering legal fees from a lawyer and violated public policy, and therefore it was unenforceable. The trial court granted the motion for summary disposition, but denied the motion for sanctions. Subsequently, the trial court denied plaintiff's motion for reconsideration and defendants' motion for offer of judgment sanctions.

## II. PLAINTIFF'S LAWSUIT

Plaintiff contends that he should be able to recover a portion of the referral fee on the basis of his agreement with Edward. We disagree.

We review de novo a trial court's grant or denial of summary disposition pursuant to MCR 2.116(C)(8). *Haynes v Neshewat*, 477 Mich 29, 34; 729 NW2d 488 (2007). " 'A motion under MCR 2.116(C)(8) tests the legal sufficiency of the claim on the pleadings alone to determine whether the plaintiff has stated a claim on which relief may be granted. Summary disposition under subrule (C)(8) is appropriate if no factual development could justify the plaintiff's claim for relief.' " *Summer v Southfield Bd of Ed*, 310 Mich App 660, 669; 874 NW2d 150 (2015) (citation omitted). We accept as true all well-pleaded factual allegations and construe them in the light most favorable to the nonmovant. *Genesee Co Drain Comm'r v Genesee Co*, 309 Mich App 317, 323; 869 NW2d 635 (2015).

Plaintiff also challenges the trial court's denial of his motion for reconsideration. "We review a trial court's decision regarding a motion for reconsideration for an abuse of discretion." *Sanders v Perfecting Church*, 303 Mich App 1, 8; 840 NW2d 401 (2013). "A court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *Jenson v Puste*, 290 Mich App 338, 341; 801 NW2d 639 (2010). A trial court generally does not grant a motion for reconsideration that merely presents the same issues that the court already decided. MCR 2.119(F)(3). "The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." *Id*.

MRPC 5.4(a) provides, in relevant part, "A lawyer or law firm shall not share legal fees with a nonlawyer." A contract that violates the Michigan Rules of Professional Conduct is unethical, and as such it violates public policy and is unenforceable. *Evans & Luptak, PLC v Lizza*, 251 Mich App 187, 189; 650 NW2d 364 (2002). In *Morris & Doherty, PC v Lockwood*, 259 Mich App 38, 51-52, 58-60; 672 NW2d 884 (2003), this Court refused to enforce a referral fee agreement between a lawyer and a lawyer deemed a nonlawyer by inactive membership in the State Bar of Michigan because it violated the Michigan Rules of Professional Conduct and was, therefore, void as a violation of public policy.

Plaintiff attempts to distinguish the facts of this case by asserting that he is a nonlawyer and, as such, he cannot be required to have knowledge of the rules of professional conduct and his conduct is not governed by the rules. This Court has made no exception for a nonlawyer to recover any portion of referral fees paid to a lawyer. Rather, this Court has affirmed the established rule under MRPC 5.4(a) that such a fee cannot be shared with a nonlawyer. See *Morris & Doherty, PC*, 259 Mich App at 59-60. In choosing to do business with a lawyer,

plaintiff placed himself under the rules that govern the legal profession. Thus, the Michigan Rules of Professional Conduct govern the transaction regardless of plaintiff's knowledge of the rules or status as a nonlawyer. Because MRPC 5.4(a) prohibits defendants from fee sharing with a nonlawyer, that rule prevents plaintiff from recovering for breach of an agreement to do just that.

Plaintiff further argues that, even assuming the unenforceability of the fee sharing agreement, he remains entitled to recover under the theories of unjust enrichment and fraud. We disagree.

A claim of unjust enrichment sounds in equity and requires the receipt of a benefit by the defendant from the plaintiff and an inequity to the plaintiff from the defendant's retention of the benefit. *Bellevue Ventures, Inc v Morang-Kelly Investment, Inc*, 302 Mich App 59, 64; 836 NW2d 898 (2013). However, a contract will only be implied to prevent unjust enrichment if there is no express contract on the same subject matter. *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 478; 666 NW2d 271 (2003). The elements of actionable fraud are:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. [*Titan Ins Co v Hyten*, 491 Mich 547, 555; 817 NW2d 562 (2012).]

In general, a claim for fraud includes a statement involving a past or existing fact. *Samuel D Begola Servs, Inc v Wild Bros*, 210 Mich App 636, 639; 534 NW2d 217 (1995). However, "[f]raud in the inducement occurs where a party materially misrepresents future conduct under circumstances in which the assertions may reasonably be expected to be relied upon and are relied upon." *Id*.

The remedy for both theories precludes their viability in this case. Plaintiff alleged that defendants agreed to pay him "a portion of the referral fee received" if he referred his client, and he did not receive the payment. Plaintiff did not claim any damages other than the amount he claimed he was entitled to under the referral agreement. Regarding the unjust enrichment claim, plaintiff alleged that he "had a good-faith expectation of compensation in the form of a referral fee upon completing the referral to [the divorce attorney]." Likewise, regarding the fraud claim, plaintiff alleged that Edward "represented to Plaintiff that he would pay Plaintiff a portion of the referral fee received if Plaintiff referred [his friend and associate] to [the divorce attorney]," and plaintiff "is now owed money for the referral fee paid to" Edward. The trial court dismissed both claims, holding that the damages plaintiff sought were "to recover attorney fees in violation of public policy." As the trial court properly ruled, the relief requested is nothing more than plaintiff's expected payment under the unenforceable agreement. Furthermore, as noted by the trial court, plaintiff is in the same position that he would have been in regardless of whether the referral went to the divorce attorney that Edward recommended or another attorney that plaintiff selected since plaintiff would not have been compensated under either scenario. Thus, plaintiff is not entitled to recovery for unjust enrichment or fraud since he fails to show an inequity or that he relied on Edward's alleged statements to his detriment.

Furthermore, we find no validity to the new relief articulated in plaintiff's motion for reconsideration. Plaintiff contended that in reliance on Edward's misrepresentation of future payment, he did not refer his client to a different lawyer or lawyers and lost business from that lawyer or group of lawyers. Plaintiff's referral to a different lawyer could only result in the same preclusion of fee sharing. In addition, plaintiff's remedy for a claim of fraud in the inducement to enter a contract is to void the alleged contract, which does not provide a cognizable remedy to plaintiff. *Samuel D Begola Servs, Inc*, 210 Mich App at 639. Therefore, plaintiff's fraud claim under the new allegations likewise fails as a matter of law. The trial court did not err in granting summary disposition, and it did not abuse its discretion in denying the motion for reconsideration.

## III. SANCTIONS

Defendants argue that the trial court erred in refusing to grant their motion for sanctions for the filing of a frivolous pleading. We agree.

We review for clear error a trial court's decision that a claim was not frivolous and thus not subject to sanctions. See *Kitchen v Kitchen*, 465 Mich 654, 661; 641 NW2d 245 (2002). "A decision is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*. at 661-662.

On cross-appeal, defendants assert that the trial court should have imposed sanctions against plaintiff for filing a frivolous lawsuit or, in the alternative, for rejecting the offer of judgment. Regarding legal sanctions, a trial court must impose sanctions if it determines that a civil action or defense was frivolous, MCL 600.2591(1), or that a document was signed in violation of MCR 2.114(D), *Guerrero v Smith*, 280 Mich App 647, 678; 761 NW2d 723 (2008); MCR 2.114(E). The costs and fees assessed for the filing of a frivolous civil action include "all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees." MCL 600.2591(2). The mere fact that a party does not ultimately prevail does not mean that the party's position was frivolous. See *Kitchen*, 465 Mich at 662. Rather, a claim is frivolous when: (1) the party's primary purpose in bringing the action was to harass, embarrass, or injure the prevailing party; (2) the party had no reasonable basis to believe that the underlying facts supporting its legal position were true; or (3) the party's legal position was devoid of arguable merit. MCL 600.2591(3)(a); *Kitchen*, 465 Mich at 662. The determination whether a claim or defense was frivolous is based on the circumstances at the time it was asserted. *Hansen Family Trust v FGH Indus, LLC*, 279 Mich App 468, 486; 760 NW2d 526 (2008).

The trial court denied defendants' motion for sanctions. The trial court noted that plaintiff failed to cite caselaw to support his position that he was entitled to share legal fees as a nonlawyer merely because he believed he would receive them. It further found that plaintiff would not have been compensated for any referral to an attorney regardless of defendants' conduct. However, the trial court did not rule that plaintiff's action was frivolous.

As previously noted, MRPC 5.4(a) prohibits a lawyer from sharing legal fees with a nonlawyer. We have ruled that violation of a rule of professional conduct violates public policy and voids a contract premised thereon. *Evans & Luptak, PLC*, 251 Mich App at 189. In

addition, we have addressed the validity of a referral fee contract between an attorney and an attorney with inactive status, who was deemed a nonlawyer, and concluded that the contract was unenforceable as precluded under MRPC 5.4(a). *Morris & Doherty, PC*, 259 Mich App at 60. Therefore, we disagree with plaintiff's argument that this Court has not addressed the factual scenario in this case. There is no question that plaintiff is not a lawyer. Thus, he is not entitled to share Edward's legal fees, and any contract between plaintiff and Edward was void as a matter of public policy. We therefore conclude that plaintiff's claim was devoid of arguable legal merit. See MCL 600.2591(3)(a); *Kitchen*, 465 Mich at 662. Accordingly, defendants are entitled to costs. See MCL 600.2591(1). However, we note that, contrary to defendants' argument in their brief on appeal, defendants are not entitled to attorney fees since Edward represented himself in this action. See *Fraser Trebilcock Davis & Dunlap PC v Boyce Trust 2350*, 497 Mich 265, 273-274; 870 NW2d 494 (2015) (noting that an attorney cannot recover attorney fees for representing himself).

Defendants further argue that the trial court improperly invoked the "interest of justice" exception to the offer of judgment rule to deny their motion for offer of judgment sanctions. We need not address this issue as defendants argue for offer of judgment sanctions as an alternative to their request for sanctions for the filing of a frivolous complaint, and we conclude that the costs incurred in connection with the civil action would include the costs incurred because of the failure to stipulate to the entry of judgment. See MCL 600.2591(1) and (2); MCR 2.405(A)(3).

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. As the prevailing party, defendants may tax costs pursuant to MCR 7.219(A).

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly