# STATE OF MICHIGAN

# COURT OF APPEALS

NATASHA GARY,

       Plaintiff-Appellant,

v

WOLVERINE HUMAN SERVICES INC,

       Defendant-Appellee.

UNPUBLISHED
August 23, 2016

No. 328110
Saginaw Circuit Court
LC No. 15-025614-NZ

Before: OWENS, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Plaintiff Natasha Gary appeals as of right the trial court's order granting defendant Wolverine Human Services Incorporated summary disposition under MCR 2.116(C)(7) (statute of limitations). For the reasons stated in this opinion, we affirm.

On January 26, 2015, plaintiff filed a three-count complaint against defendant, alleging that she was improperly discharged from employment in violation of public policy, the Worker's Disability Compensation Act, MCL 418.101 *et seq.*, and defendant's own workplace policies. On March 4, 2015, defendant filed its answer and affirmative defenses. Two days later, on March 6, 2015, defendant served plaintiff via mail with a copy of its answer and amended affirmative defenses. In the amended affirmative defenses, defendant alleged that plaintiff's complaint was barred by the 180-day contractual period of limitations set forth in the employment application and provided for in the salaried employment agreement, both of which were signed by plaintiff. The answer and amended affirmative defenses were filed with the trial court on March 11, 2015.

Defendant moved for summary disposition, under to MCR 2.116(C)(7). In response plaintiff argued that defendant had waived its contractually-shortened limitations period defense because it had not raised it in its first responsive pleading. Defendant countered that it had not waived its defense because under MCR 2.118(A) it was allowed to amend its affirmative defenses as a matter of course within 14 days of the initial filing, and the amended affirmative defenses were filed within that timeframe. The trial court agreed with defendant and granted summary disposition.

On appeal, plaintiff again argues that as a matter of law defendant waived the defense because it was not raised in its first responsive pleading. Plaintiff also argues that defendant was

-1-

not entitled to amend its affirmative defenses pursuant to MCR 2.118(A) because affirmative defenses are not included within the definition of "pleading" set forth in MCR 2.110(A).

Resolution of the issue requires interpretation of several court rules.[1] The rules governing the interpretation of statutes also apply to the interpretation of court rules. *Colista v Thomas*, 241 Mich App 529, 535; 616 NW2d 249 (2000). "The goal in interpreting a court rule is to give effect to the intent of the Supreme Court, the drafter of the rules." *McCracken v City of Detroit*, 291 Mich App 522, 525; 806 NW2d 337 (2011) (quotation omitted). "The first step in doing so is analyzing the language used because the words contained in the court rule are the most reliable evidence of the drafters' intent." *Jenson v Puste*, 290 Mich App 338, 341-342; 801 NW2d 639 (2010). "We must consider the provision in its entirety and its place within the context of the rules in order to produce a harmonious whole." *Id*. at 342. We should also "avoid construing a court rule in a manner that results in a part of the rule becoming nugatory or surplusage." *Dykes v William Beaumont Hosp*, 246 Mich App 471, 484; 633 NW2d 440 (2001). Further, when two provisions conflict and one is specific to the subject matter while the other is only generally applicable, the specific provision should prevail. *Miller v Allstate Ins Co*, 481 Mich 601, 613; 751 NW2d 463 (2008).

Defendant argues that it was entitled to amend its affirmative defenses under MCR 2.118(A)(1), which provides:

> (1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.

However, plaintiff argues that affirmative defenses are not pleadings and so they may not be amended. In support, she relies on MCR 2.110(A), which provides that the term "pleading" includes only the following:

> (1) a complaint,
>
> (2) a cross-claim,
>
> (3) a counterclaim,
>
> (4) a third-party complaint,
>
> (5) an answer to a complaint, cross-claim, counterclaim, or a third-party complaint, and

---

[1] We review de novo a trial court's decision on a motion for summary disposition. *Citizens Ins Co v Scholz*, 268 Mich App 659, 662; 709 NW2d 164 (2005). "We also review de novo the interpretation of court rules." *Rema Village Mobile Home Park v Ontwa Twp*, 278 Mich App 169, 171; 748 NW2d 896 (2008).

(6) a reply to an answer.

*No other form of pleading is allowed.* [Emphasis added.]

Plaintiff also relies on our decision in *McCracken*, 291 Mich App at 523, where we held "that affirmative defenses are not pleadings requiring a response under MCR 2.110(A) and (B)."

Plaintiff's argument, however, fails to account for the fact that under the court rules affirmative defenses do not have to be pleadings in order to be amended in the same manner that pleadings may be amended. Under MCR 2.111(F)(3) "[a]ffirmative defenses must be stated in a party's responsive pleading, either as originally filed *or as amended in accordance with MCR 2.118.*" (Emphasis added). Further, under MCR 2.116(D)(2) a statute of limitations defense "must be raised in a party's responsive pleading," which may be amended under MCR 2.118.[2] These rules plainly contemplate that affirmative defenses may be amended following the procedure in MCR 2.118. A contrary interpretation would render nugatory the language in MCR 2.111(F)(3) that provides affirmative defenses must be stated in a responsive pleading as originally filed or *as amended* under MCR 2.118. Moreover, unlike MCR 2.110(A), which only provides a general definition of the term "pleading," MCR 2.111(F)(3) and MCR 2.116(D)(2) expressly address affirmative defenses and reference the amendment procedure in MCR 2.118. Given that MCR 2.111(F) and MCR 2.111(D)(2) are more specific than MCR 2.110(A), we conclude that they permit a party to amend affirmative defenses in the same manner that a party may amend a pleading. See *Miller*, 481 Mich at 613 (holding that a specific provision controls over a general provision).

Having concluded that defendant was entitled to amend its affirmative defenses under MCR 2.118(A), we must address whether defendant nevertheless waived its defense because it did not raise it in its *first* responsive pleading. "The failure to raise an affirmative defense as required by the court rule constitutes a waiver of that affirmative defense." *Dell v Citizens Ins Co of America*, 312 Mich App 734, 753; ___ NW2d ___ (2015) (quotation omitted).[3] In *Saffian v Simmons*, 267 Mich App 297, 304; 704 NW2d 722 (2005), we held that "[a] statute of limitations defense must be raised in a defendant's *first responsive pleading* or in a motion filed before that pleading." (Emphasis added). Here, it is undisputed that defendant's answer containing its affirmative defenses was first filed on March 4, 2012. The affirmative defenses within that pleading were not amended to include the contractually-shortened limitations period defense until March 11, 2012. The amendment, however, was pursuant to MCR 2.118(A), which allows for amendment as a matter of course within 14 days of serving an answer that does not require a responsive pleading. As discussed above, the court rules unambiguously allow for affirmative defenses to be amended under MCR 2.118 in the same manner as pleadings. It is

---

[2] MCR 2.116(D)(2) also provides that a statute of limitations defense may be raised in a motion filed under MCR 2.116 that is filed before the party's first responsive pleading. However, that provision is not relevant to the issues on appeal in this case.

[3] See also MCR 2.111(F)(2) ("A defense not asserted in the responsive pleading or by motion as provided by these rules is waived . . . .").

undisputed that defendant's amended affirmative defenses were filed in accordance with the procedural requirements of MCR 2.118(A). Thus, contrary to plaintiff's argument, the March 11, 2012 amended affirmative defenses were not in defendant's second responsive pleading, they were in defendant's first responsive pleading, which contained properly amended affirmative defenses. Accordingly, defendant did not waive its contractually-shortened statute of limitations defense, and the trial court did not err in granting summary disposition in defendant's favor.

Affirmed. As the prevailing party defendant may tax costs. MCR 7.219.

/s/ Donald S. Owens
/s/ David H. Sawyer
/s/ Douglas B. Shapiro