*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GILBERT REDZINSKI,

        Plaintiff-Appellant,

v

SPECTRUM HEALTH HOSPITALS, MATTHEW BRINKMAN, and BRAD BYLSMA,

        Defendants-Appellees.

UNPUBLISHED
February 25, 2025
11:06 AM

No. 366932
Kent Circuit Court
LC No. 22-007796-CZ

Before: SWARTZLE, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Plaintiff, Gilbert Redzinski, appeals by right the trial court's opinion and order granting summary disposition in favor of defendants Spectrum Health Hospitals, Matthew Brinkman, and Brad Bylsma in this dispute regarding the termination of plaintiff's employment. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff is a retired police officer and had been employed by Spectrum Health for six years, most recently as a security training coordinator. Plaintiff's duties included training new security officers who were assigned to Spectrum Health's hospital facilities, as well as providing security and safety training to other staff members.

The facts of this case arose after plaintiff learned that a Spectrum Health security officer was spying on another female security officer while she was in a lactation room pumping breastmilk. After plaintiff learned of the incident, he informed the victim that she could report the matter, which she subsequently did. Plaintiff then notified his supervisors, including defendant Bylsma, that this matter was creating a difficult working environment, and also expressed dissatisfaction with how his superiors were handling the investigation, asserting that they were not complying with their legal requirements under the Private Security Business and Security Alarm Act (PSBSA), MCL 338.1051 *et seq*. Plaintiff eventually filed a complaint with Spectrum Health's human resources department and called Spectrum Health's integrity help line. Plaintiff also submitted a confidential employee survey to voice his concerns and frustrations.

-1-

In August 2021, a complaint was made regarding plaintiff's training session concerning a suicidal gunman entering a Spectrum Health facility, and how medical staff should respond. Unknown to plaintiff, one of the attendees had recently had a death in the family as a result of suicide and believed that plaintiff was making light of the issue. A Spectrum Health security supervisor also filed a complaint against plaintiff, asserting that plaintiff played an inappropriate training video during one of his training sessions in June 2021. Defendants subsequently terminated plaintiff's employment on August 26, 2021.

Plaintiff brought his lawsuit against defendants asserting violations of the Whistleblowers' Protection Act (WPA), MCL 15.369 *et seq*., as well as "public-policy" violations, claiming that his termination was retaliatory in nature. Defendants moved for summary disposition, arguing that Spectrum Health did not violate the WPA because plaintiff did not complain to a "public body," as required by that act. Furthermore, defendants argued that plaintiff's termination did not violate public policy because Spectrum Health had legitimate, nonretaliatory reasons for terminating plaintiff's employment.

The trial court agreed and granted defendants motion for summary disposition under MCR 2.116(C)(8), concluding that plaintiff's complaints to Spectrum Health did not constitute a report to a "public body" within the meaning of the WPA and that his public-policy claim failed as a matter of law. This appeal followed.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019).

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. [*Id*. at 159-160 (citations omitted).]

Issues of statutory interpretation are also reviewed de novo. *Padecky v Muskegon Charter Twp*, 343 Mich App 186, 490; 997 NW2d 229 (2022). "The goal of statutory interpretation is to determine and apply the intent of the Legislature." *Yopek v Brighton Airport Ass'n, Inc*, 343 Mich App 415, 424; 997 NW2d 481 (2022). "If the statutory language is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written." *Id*. (quotation marks and citation omitted).

Lastly, a trial court's decision to seal court records is reviewed for an abuse of discretion, which occurs when its decision "falls outside the range of reasonable and principled outcomes." *Jenson v Puste*, 290 Mich App 338, 341; 801 NW2d 639 (2010).

-2-

### III.  WHISTLEBLOWERS' PROTECTION ACT

Plaintiff first argues that the trial court erred when it granted defendants' motion for summary disposition on the basis that Spectrum Health's security police force is not a "public body" because, according to plaintiff, it constitutes a law enforcement agency, which satisfies the definition of a "public body" within the meaning of the WPA.  We disagree.

The WPA, in relevant part, states:

> An employer shall not discharge, threaten, or otherwise discriminate against an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, a violation or a suspected violation of a law or regulation or rule promulgated pursuant to law of this state, a political subdivision of this state, or the United States to a public body, unless the employee knows that the report is false, or because an employee is requested by a public body to participate in an investigation, hearing, or inquiry held by that public body, or a court action.  [MCL 15.362.]

The pertinent definitions used in the act are as follows:

> (a) "Employee" means a person who performs a service for wages or other remuneration under a contract of hire, written or oral, express or implied. Employee includes a person employed by the state or a political subdivision of the state except state classified civil service.

> (b) "Employer" means a person who has 1 or more employees.  Employer includes an agent of an employer and the state or a political subdivision of the state.

> (c) "Person" means an individual, sole proprietorship, partnership, corporation, association, or any other legal entity.

> (d) "Public body" means all of the following:

> * * *

> (*v*) A law enforcement agency or any member or employee of a law enforcement agency.  [MCL 15.361.]

The question before us is whether defendants constitute a law enforcement agency, and therefore a "public body," for the purposes of the WPA.  There is no dispute that Spectrum Health's security department is licensed by the State of Michigan under the PSBSA.  This Court has expanded the definition of "law enforcement agency" beyond merely those possessing arrest powers and has included agencies tasked with the "detection and punishment of violations of the law," and not limited "to the enforcement of criminal laws."  *Ernsting v Ave Maria College*, 274 Mich App 506, 512; 736 NW2d 574 (2007) (quotation marks and citation omitted).

Meanwhile, the Michigan Commission on Law Enforcement Standards Act (MCOLES), MCL 28.601 *et seq.*, states that the definition of "law enforcement officer" does not include:

> A private security guard or private security police officer licensed under the private security business and security alarm act, 1968 PA 330, MCL 338.1051 to 338.1092, or a private college security officer authorized under section 37 of the private security business and security alarm act, 1968 PA 330, MCL 338.1087, who is not licensed under section 9d.  [MCL 28.602(f)(*ii*)(L).]

Section 9d of MCOLES concerns the licensure of private college security officers.  MCL 28.609d.

Thus, although Spectrum Health's private security police may carry weapons and equipment comparable to law enforcement officers, may wear similar uniforms, and even may possess the legal authority to conduct warrantless arrests on Spectrum Health's premises, and are governed by standards established by the Michigan State Police, they are explicitly excluded by MCOLES from the definition of a "law enforcement officer" and do not possess an MCOLES certification like law enforcement officers do in the State of Michigan.  Although plaintiff may very well have been correct that Spectrum Health was perhaps not abiding by the PSBSA, and Spectrum Health may have made significant errors in its investigation of the victim in the lactation room, plaintiff's reporting of those errors was not to a "public body" within the meaning of the WPA.  Accordingly, the trial court did not err when it granted summary disposition in favor of defendants concerning plaintiff's claim under the WPA.

## IV.  PUBLIC POLICY

Plaintiff next argues that the trial court erred because a notable exception to the general at-will employment rule concerns when an employee is discharged contrary to public policy, which includes protections for employees reporting misconduct or negligence.  According to plaintiff, a jury could have concluded that he was terminated because of his complaints to management, rather than complaints about his training sessions.  We disagree.

"In general, Michigan law presumes employment relationships are terminable at the will of either party for any or no reason."  *Smith v Town & Country Props II, Inc*, 338 Mich App 462, 476; 980 NW2d 131 (2021).  There are, however, "three recognized public-policy exceptions to the at-will employment doctrine, and they are based on the principle that the grounds for termination are so contrary to public policy as to be actionable."  *Id*.  The first exception concerns "explicit legislative statements prohibiting the discharge, discipline, or other adverse treatment of employees who act in accordance with a statutory right or duty . . . ."  *Id*. (quotation marks and citation omitted).  The next exception concerns circumstances "where the alleged reason for the discharge was the failure or refusal of the employee to violate a law in the course of employment . . . ."  *Id*. (quotation marks and citation omitted).  And the third exception relates to circumstances "where the reason for the discharge was the employee's exercise of a right conferred by a well-established legislative enactment . . . ."  *Id*. (quotation marks and citation omitted).  The three public-policy exemptions "entail an employee's exercising a right guaranteed by law, executing a duty required by law, or refraining from violating the law."  *Id*. at 478 (quotation marks and citation omitted).

At issue in this case is the first exception, i.e., whether there were "explicit legislative statements prohibiting the discharge, discipline, or other adverse treatment of employees who act in accordance with a statutory right or duty . . . ." *Id*. at 476 (quotation marks and citation omitted).[1] The parties agree that Spectrum Health's private security police department is governed in part by, and licensed to operate through, the PSBSA. MCL 338.1067a of that act mandates the following:

> If a private security guard, private security police officer, or private college security force officer acting in the course of his or her employment reasonably suspects that any of the following crimes have occurred, he or she shall immediately notify a law enforcement agency of that suspected crime:
>
> (a) An assaultive crime, as defined in section 9a of chapter X of the code of criminal procedure, 1927 PA 175, MCL 770.9a.
>
> (b) A violation of section 145c or 539j of the Michigan penal code, 1931 PA 328, MCL 750.145c and *750.539j*. [MCL 338.1067a.]

However, plaintiff's public-policy claim fails as a matter of law because while Spectrum Health may have had an obligation to report certain crimes, and the failure to do so constitutes a misdemeanor, see MCL 338.1082, the PSBSA does not contain a specific "legislative statement" prohibiting the discharge of an employee. Plaintiff analogizes this case with *Landin v Healthsource Saginaw, Inc*, 305 Mich App 519, 532-533; 854 NW2d 152 (2014), in which this Court rejected the defendant's argument that the WPA provided the exclusive remedy for an employee who reported medical malpractice at a healthcare facility. However, in *Landin*, we recognized that MCL 333.20176a explicitly prohibited a "health facility or agency" from discharging or disciplining an employee if the employee "[i]n good faith reports or intends to report, verbally or in writing, the malpractice of a health professional . . . ." *Id*. at 528 (quotation marks and citation omitted). In this case, plaintiff cannot point to any similar statutory provision under the PSBSA prohibiting his discharge.

Because this Court's role is limited to determining "from objective legal sources what public policy is" and not what it should be, see *Terrien v Zwit*, 467 Mich 56, 66; 648 NW2d 602 (2002), we are constrained to conclude that the Legislature did not intend for whistleblower protections to extend beyond reporting to public bodies. And because, as discussed, Spectrum Health cannot be considered a public body for purposes of the WPA, the trial court did not err when it concluded that plaintiff's public-policy claim failed as a matter of law.

---

[1] To the extent plaintiff argues that he is able to invoke the third public-policy exception—i.e., the reason for termination was plaintiff's exercise of a right conferred by statute—we have already concluded the WPA does not apply to plaintiff's cause of action. And because plaintiff has not identified any other legislative enactment that would apply, we disagree that the third exception applies.

## V. SEALING OF CERTAIN DISCOVERY MATERIAL

Plaintiff also argues that the trial court abused its discretion when it denied his request to publicly filed personnel records that were otherwise marked as confidential under a stipulated protective order to facilitate discovery in this matter. The parties entered into a stipulated protective order that sealed certain confidential discovery materials under MCR 8.119(I)(8) and MCR 2.302(C). Plaintiff brought his motion before the trial court to unseal some of those documents under MCR 8.119(I)(9) because, although he acknowledged that he still could make full use of them in his argument and response to defendants' motion for summary disposition, it simply was an inconvenience. He also asserted that the public had an interest in viewing these records.

MCR 2.302(C) permits protective orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." The records in dispute concern items and accusations in an employee's personnel file who is not a party to the litigation. Therefore, under the plain language of MCR 2.302(C), the trial court did not abuse its discretion by denying plaintiff's motion in this regard in the interest of avoiding unnecessary embarrassment or annoyance of a nonparty to the litigation.

Affirmed. Defendants, as the prevailing parties, may tax costs. MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray