*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ORLANDO SCOTT,

        Plaintiff,

and

NORTHLAND RADIOLOGY, INC.,

        Intervening Plaintiff-Appellant,

v

MICHIGAN AUTOMOBILE INSURANCE
PLACEMENT FACILITY, MICHIGAN
ASSIGNED CLAIMS PLAN, FARMERS
INSURANCE EXCHANGE, and SEDALE
BRYANT,

        Defendants-Appellees,

and

KYLE JARRETT and QUIN DAMICO-
FIAMUSSEN,

        Defendants.

UNPUBLISHED
October 13, 2022

No. 358882
Wayne Circuit Court
LC No. 19-007963-NI

Before: SWARTZLE, P.J., and CAVANAGH and REDFORD, JJ.

PER CURIAM.

        Intervening plaintiff, Northland Radiology, Inc. (Northland), appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(10) for defendants, Michigan Auto Insurance Placement Facility (MAIPF), Michigan Assigned Claims Plan (MACP), Farmers Insurance Exchange (Farmers), and Sedale Bryant on Northland's claim for personal protection

-1-

insurance (PIP) benefits for services it provided for plaintiff, Orlando Scott, related to injuries he allegedly suffered in a motor vehicle accident in 2018.

For the reasons set forth in this opinion, we reverse and remand the case to the trial court. Upon remand the MAIPF, MACP, and Farmers shall be given leave to amend their affirmative defenses to state their MCL 500.3173a(2) affirmative defenses with particularity and for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Following a motor vehicle accident in which Orlando Scott was injured as a passenger, Scott submitted to the MAIPF an application for PIP benefits from the MACP. The MAIPF investigated his claim and after conducting Scott's examination under oath (EUO), denied the claim on the ground that Scott made material misrepresentations in his application for benefits and during his EUO. Scott sued alleging that the MAIPF and MACP failed to assign his claims to an insurer in violation of statutory duties and demanded a judgment for unspecified damages, interest, and attorney fees. Scott also requested a declaratory judgment against the MAIPF and MACP. Northland intervened as Scott's assignee to recover from the MAIPF and MACP for radiological and other medical services it provided Scott related to his motor vehicle accident. The MAIPF and MACP answered plaintiff's complaint with general denials of the allegations and filed 58 generic affirmative defenses asserting among other things that Scott misrepresented a material fact, or committed an unspecified fraudulent insurance act in violation of several statutes, all of which they asserted barred Scott's claims or made him ineligible to recover any benefits. The MAIPF and MACP also answered Northland's complaint with general denials of the allegations and filed 58 generic affirmative defenses including several that asserted that the claimant had committed unspecified fraud which permitted them to deny benefits or otherwise barred Scott's claims for benefits.

The MAIPF and MACP moved for summary disposition on the ground that the MAIPF properly denied Scott's claim because he made material misrepresentations in his application for benefits and at his EUO by failing to disclose relevant and material preexisting conditions and by denying that he had ever previously filed a claim for PIP benefits. The MAIPF and MACP argued that Scott lacked eligibility for payment of benefits because he completed and signed an application for benefits that contained "a fraudulent insurance act" in contravention of MCL 500.1373a(2)[1] by indicating in his application that he did not have preexisting conditions related to the injuries for which he had been treated and that he never filed a claim for PIP benefits, when in fact, he had such preexisting conditions and he previously filed a claim with the MAIPF in 2013. The MAIPF and MACP argued that the commission of a fraudulent insurance act in relation to an insurer's investigation of a claim precludes recovery of no-fault benefits.

Scott opposed the MAIPF and MACP's motion. Northland also opposed the MAIPF and MACP's summary disposition motion by arguing that they failed to plead their fraud affirmative defense with particularity and thereby waived that defense to Scott's claim. Northland argued that

---

[1] The Legislature amended MCL 500.1373a(2), effective June 11, 2019, relocated at MCL 500.3173a(4). The previous version of the statute applies in this case.

-2-

the MAIPF and MACP could not prove that Scott lied and contended that the MAIPF and MACP had to prove that Scott intentionally made a false statement to establish fraud and stated that a mere misstatement of fact could not result in the denial of PIP benefits. Northland argued that Scott correctly answered questions asked in the application form he completed and that his statements may have been inconsistent but not fraudulent, but he had no motivation to lie to the insurer when he had already truthfully reported to his doctor his condition. Northland requested that the trial court deny the MAIPF and MACP's motion.

Defendant, Farmers Insurance Exchange (Farmers) filed a reply brief to Scott's opposition to the MAIPF and MACP's motion. A stipulated order indicates that Scott's claim was assigned to Farmers on August 7, 2020. Farmers also moved for summary disposition on the ground that Scott submitted his current claim for PIP benefits with false information concerning facts material to his claim and relied on Scott's EUO testimony and 2013 application. Farmers asserted that Scott committed a fraudulent insurance act in violation of MCL 500.4503(a). Farmers contended that proof of fraud in an assigned claims lawsuit did not require proof of intent to defraud but only that the claimant knowingly made the false and material statement. Farmers argued that Scott knowingly made false statements which rendered him ineligible to receive PIP benefits. Scott opposed Farmers' motion.

The trial court conducted a hearing and rendered its opinion from the bench. The court ruled that defendants satisfied the requirements set forth in *Candler v Farm Bureau Mut Ins Co*, 321 Mich App 772, 779-782, 786; 910 NW2d 666 (2017), because they established that Scott (1) presented both oral and written statements, (2) in support of his claim for no-fault benefits, (3) submitted his claim for benefits to the MAIPF, (4) knew that the statement contained false information when he answered negatively the question whether he ever applied for PIP benefits, and (5) his statements were made during the investigation. The trial court, therefore, granted summary disposition to defendants under MCR 2.116(C)(10) and entered an order granting Farmers' motion which it later amended to grant the MAIPF and MACP's motion. The order dismissed Scott's claim against the MAIPF and MACP and dismissed Northland's related claim with prejudice.

Northland moved for reconsideration of the trial court's summary disposition decision. In its supporting brief, Northland argued that MCR 2.111(F)(3)(a) required defendants to state an affirmative defense based on fraud with particularity. Northland asserted that defendants waived the fraud defense by failing to state the circumstances of fraud with particularity because they merely made general statements in their affirmative defenses that Scott's claims may be barred by MCL 500.3173a. Therefore, Northland requested that the court reconsider its decision and reverse its ruling. In its order denying Northland's reconsideration motion, the trial court recited and analyzed the applicable law and explained that Northland merely attempted to reargue the identical issues on which the court previously ruled and failed to meet its burden of establishing that the court committed an error requiring correction.

## II. STANDARD OF REVIEW

We review de novo a circuit court's summary disposition decision. *Dalley v Dykema Gossett PLLC*, 287 Mich App 296, 304; 788 NW2d 679 (2010). A motion under MCR 2.116(C)(10) tests the factual sufficiency of claims and the moving party bears the burden of

establishing with admissible evidence its entitlement to judgment as a matter of law. *Lear Corp v Dep't of Treasury*, 299 Mich App 533, 536; 831 NW2d 255 (2013). If the nonmoving party fails to establish the existence of a genuine issue of material fact, the trial court must enter judgment for the moving party. *Id*. at 537. "A genuine issue of material fact exists when, viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on an issue." *Id*. A trial court's grant of summary disposition under MCR 2.116(C)(10) is proper when the evidence, "viewed in the light most favorable to the nonmoving party, show[s] that there is no genuine issue as to any material fact and the moving party is therefore entitled to judgment as a matter of law." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 5; 890 NW2d 344 (2016). Further, "[t]his Court reviews de novo questions of law involving statutory interpretation." *Mich Muni Liability & Prop Pool v Muskegon Co Bd of Co Rd Comm'rs*, 235 Mich App 183, 189; 597 NW2d 187 (1999). This Court reviews "de novo the sufficiency of any assertions of affirmative defenses." *Glasker-Davis v Auvenshine*, 333 Mich App 222, 229; 964 NW2d 809 (2020).

## III. ANALYSIS

Northland argues that the trial court erred by not ruling that the MAIPF and MACP waived their fraud affirmative defense by not pleading it with particularity and by holding that the MAIPF did not need to plead specific facts to support its defense of fraud under MCL 500.3173a(2). The MAIPF and MACP counter that MCL 500.3173a(2) provides a statutory defense that substantively differs from common-law fraud and does not need to be pleaded with particularity. Resolution of this issue requires us to interpret the statute.

In *In re Harper*, 302 Mich App 349, 354-355; 839 NW2d 44 (2013), this Court summarized the proper process for statutory interpretation:

> The primary goal of statutory interpretation is to discern the intent of the Legislature by first examining the plain language of the statute. A statutory provision must be read in the context of the entire act, and every word or phrase of a statute should be accorded its plain and ordinary meaning. When the language is clear and unambiguous, no further judicial construction is required or permitted, and the statute must be enforced as written. Only when the statutory language is ambiguous may a court consider evidence outside the words of the statute to determine the Legislature's intent. However, an ambiguity of statutory language does not exist merely because a reviewing court questions whether the Legislature intended the consequences of the language under review. An ambiguity can be found only where the language of a statute, as used in its particular context, has more than one common and accepted meaning. [Quotation marks, alteration, and citations omitted.]

"[T]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 317; 503 NW2d 758 (1993). Affirmative defenses are not "pleadings" under the court rules. MCR 2.110(A); *McCracken v Detroit*, 291 Mich App 522, 526; 806 NW2d 337 (2011). Although MCR 2.111(F)(3) requires a party to state affirmative defenses in the first responsive pleading, affirmative defenses are not pleadings requiring a response. *Id*. at 527-530. A party generally must raise an affirmative defense in his or

her first responsive pleading or it is waived. *Meridian Mut Ins Co v Mason-Dixon Lines, Inc (On Remand)*, 242 Mich App 645, 647; 620 NW2d 310 (2000). A party, however, may amend affirmative defenses under the same process as pleadings. MCR 2.111(F)(3), citing MCR 2.118.

MCR 2.111(F)(3) provides:

Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. Under a separate and distinct heading, a party must state the facts constituting

(a) an affirmative defense, such as contributory negligence; the existence of an agreement to arbitrate; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity granted by law; want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;

(b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;

(c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise.

The party asserting an affirmative defense bears the burden of production and proof respecting its affirmative defense. *Williamstown Twp v Sandalwood Ranch, LLC*, 325 Mich App 541, 552; 927 NW2d 262 (2018).

Under MCL 500.3171(2), the Legislature authorized the MAIPF to establish the MACP. The Legislature, however, did not authorize the MAIPF to establish eligibility criteria for claimants to recover benefits under the MACP. The Legislature specified the eligibility criteria for benefits under the MACP in MCL 500.3172(1):

A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may claim personal protection insurance benefits through the assigned claims plan if any of the following apply:

(a) No personal protection insurance is applicable to the injury.

(b) No personal protection insurance applicable to the injury can be identified.

(c) No personal protection insurance applicable to the injury can be ascertained because of a dispute between 2 or more automobile insurers concerning their obligation to provide coverage or the equitable distribution of the loss.

-5-

(d) The only identifiable personal protection insurance applicable to the injury is, because of financial inability of 1 or more insurers to fulfill their obligations, inadequate to provide benefits up to the maximum prescribed.

The phrase "a person entitled to claim" refers to a person who is entitled to claim PIP benefits under the no-fault act. *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 558-559; 909 NW2d 495 (2017). In *W A Foote Mem Hosp v Mich Assigned Claims Plan*, 321 Mich App 159, 170; 909 NW2d 38 (2017) (citations omitted), this Court stated that a person may claim against the MACP and recover PIP benefits if one of following conditions are true: "(1) no [PIP] is applicable to the injury, (2) no [PIP] applicable to the injury can be identified, (3) the applicable insurance cannot be ascertained due to a dispute among insurers, or (4) the only applicable insurance is inadequate due to financial inability."

The Legislature also disqualified some persons from coverage under the MACP. See MCL 500.3173 (stating that a person who falls within a limitation or exclusion under MCL 500.3105 through MCL 500.3116 is disqualified from receiving benefits under the MACP as well). The Legislature authorized the MAIPF under MCL 500.3173a to review claims for PIP benefits under the MACP, and determine a claimant's eligibility for benefits. The version of MCL 500.3173a before its 2019 amendment governs this case because the case commenced before the effective date of the amendment, and provided as follows:

(1) The Michigan automobile insurance placement facility shall make an initial determination of a claimant's eligibility for benefits under the assigned claims plan and shall deny an obviously ineligible claim. The claimant shall be notified promptly in writing of the denial and the reasons for the denial.

(2) A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the Michigan automobile insurance placement facility for payment or another benefit *knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act* under section 4503 that is subject to the penalties imposed under section 4511. A claim that contains or is supported by a fraudulent insurance act as described in this subsection is ineligible for payment of personal protection insurance benefits under the assigned claims plan. (emphasis added).

MCL 500.4503 provides in relevant part:

A fraudulent insurance act includes, but is not limited to, acts or omissions committed by any person who knowingly, and with an intent to injure, defraud, or deceive:

(c) Presents or causes to be presented to or by any insurer, any oral or written statement including computer-generated information as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains false information concerning any fact or thing material to the claim.

The plain language of MCL 500.3173a indicates that the Legislature directed under Subpart (1) that the MAIPF review and make determinations regarding the eligibility of applicants for PIP benefits under the MACP, and Subpart (2) specifies that a claimant who commits a fraudulent insurance act as defined under the no-fault act lacks eligibility. MCL 500.4503(c) specifies that a "fraudulent insurance act" includes presenting any oral or written statement as part of a claim for benefits that "contains false information concerning any fact or thing material to the claim." When read together, it is clear that the Legislature intended under MCL 500.3173a(2) and MCL 500.4503(c), that the MAIPF must find a claimant ineligible and deny any claim if the claimant has submitted false information in relation to the claim. In *Candler*, this Court explained the test for determining when a person commits a fraudulent insurance act under the statute. MCL 500.3173a is not designated by the Legislature as an affirmative defense to a claim for PIP benefits under the MACP. Rather, the statutory provision directs the MAIPF to make claimant eligibility determinations and bars a claimant from receiving PIP benefits if the claim is supported by a fraudulent insurance act.

Northland essentially argues that invocation of MCL 500.3173a(2) in defense of a claim for PIP benefits is equivalent to raising fraud as an affirmative defense. Northland contends that MCR 2.111(F)(3) in conjunction with MCR 2.112(B)(1) required the MAIPF and MACP to state with particularity a fraud defense based on MCL 500.3173a(2).

Fraud is a cause of action requiring pleading and proof of the following elements: (1) the defendant made a material representation; (2) the representation was false; (3) the defendant knew, or should have known, that the representation was false when making it; (4) the defendant made the representation with the intent that the plaintiff act upon it; (5) the plaintiff acted on the representation and reasonably relied on defendant's false representations; and (6) the plaintiff incurred damages as a result. *Roberts v Saffell*, 280 Mich App 397, 403; 760 NW2d 715 (2008); *Foreman v Foreman*, 266 Mich App 132, 141-142; 701 NW2d 167 (2005). Fraud is a traditional defense to a contract and "this avoidance defense is typically used when a contract is obtained as a result of fraud or misrepresentation[.]" *Stein v Home-Owners Ins Co*, 303 Mich App 382, 388; 843 NW2d 780 (2013) (quotation marks omitted). Fraud also serves as an affirmative defense to a claim for insurance in cases where an insurance policy contract contains provisions that void the policy if the insured engaged in fraudulent conduct. *Id*. at 384, 387; see also *Glasker-Davis*, 333 Mich App at 225.

In *Glasker-Davis*, the plaintiff made a claim to her no-fault insurer for first-party benefits for attendant care services. The insurer refused to pay for the services. The plaintiff sued her insurer which moved for summary disposition on the ground that the plaintiff's insurance policy was void because she made material misrepresentations related to her claim. *Glasker-Davis*, 333 Mich App at 224-226. This Court analyzed pleading requirements, and although it acknowledged that affirmative defenses are not "pleadings" under the court rules, it concluded that affirmative defenses "are highly analogous to pleadings" because they similarly provide notice to the opposing party of the nature of a defense. *Id*. at 229-230. In relation to the affirmative defense of fraud posed by the no-fault insurer, this Court explained:

> A defense premised on an alleged violation of an antifraud provision in an insurance policy constitutes an affirmative fraud defense. "In allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with

particularity." MCR 2.112(B)(1). Thus, it is insufficient simply to state that a plaintiff's conduct was fraudulent. [*Id*. at 232 (citations omitted).]

Analysis of the no-fault act's use of the term "fraudulent insurance act" reveals substantive distinctions from common-law fraud and a fraud affirmative defense based on contract law. The term "fraudulent insurance act" is purely statutory. In contrast to the pleading and proof requirements to establish common-law fraud, proof that a person committed a "fraudulent insurance act" under MCL 500.3173a(2) requires establishing: (1) the person presented or causes to be presented an oral or written statement, (2) the statement is part of or in support of a claim for no-fault benefits, (3) the claim for benefits was submitted to the MAIPF, (4) the person knew that the statement contained false information, and (5) the statement concerned a fact or thing material to the claim. *Candler*, 321 Mich App at 779-780. The elements of fraud and a "fraudulent insurance act" differ substantively. Fraud requires proof of falsity, intent, reasonable reliance, and damages. Proof of a "fraudulent insurance act" requires none of those elements. *Id*.[2]

Recently, in *Loiola by Fried v Citizens Ins Co of America (On Remand)*, unpublished per curiam opinion of the Court of Appeals issued December 2, 2021 (Docket No. 348670), a case in which a panel of this Court determined that the trial court erred in a number of ways and remanded for a new trial, the plaintiff sought leave to appeal to our Supreme Court which, in lieu of granting leave, "vacated the portion of this Court's opinion that dealt with the trial court's refusal to instruct the jury on fraudulent insurance acts, and remanded 'for reconsideration in light of *Glasker-Davis*[']." Unpub op at 1-2. On remand, the panel held that, "in light of *Glasker-Davis's* holding that fraud raised as an affirmative defense must be pleaded with particularity, Citizens was required to plead fraud with particularity as an affirmative defense." *Id*. at 2.[3]

On remand, the *Loiola* panel noted that in a footnote in its previous opinion it had reasoned as follows:

On appeal, Loiola argues that Citizens failed to plead fraud in their [answer], and that even if they pleaded that defense, they failed to plead it with

---

[2] We conclude that the trial court properly interpreted MCL 500.3173a(2) and the *Candler* test. Judgment as a matter of law may be entered where a claimant gave false information in support of a claim during the MAIPF's investigation that was material to the claim for PIP benefits. Fraudulent insurance acts include prevarications made during the investigation of a claim which render a claimant ineligible for receiving PIP benefits under the MACP.

[3] In its earlier opinion, the panel stated that the plaintiff had been injured in a hit-and-run accident and his claim had been assigned to Citizens under the MACP. Citizens paid benefits for three years but began investigating the plaintiff's continued claims for benefits and later stopped paying for certain services. The plaintiff's guardian filed suit seeking payment of no-fault benefits. Citizens defended in part on the ground that the plaintiff was disqualified under MCL 500.3173a(2) from receiving PIP benefits because he made or caused to be made false statements in support of his claim under the MACP. See *Loiola by Fried v Citizens Ins Co of America*, unpublished per curiam opinion of the Court of Appeals issued August 6, 2020 (Docket No. 348670).

particularity.  Loiola raised these arguments below, but the trial court declined to address them.

First addressing whether Citizens pleaded fraud in their answer, they clearly did.  Citizens' answer stated, "Under MCL 500.3173a(2) and the Michigan Assigned Claims Plan, Plaintiffs [sic] is ineligible for any benefits through the Michigan Assigned Claims Plan if Plaintiff has made or caused to be made false statements during the course of their claim for Plaintiff's benefits regarding the alleged accident," and, "Should it be determined that Plaintiff's claim is supported by fraudulent information, the entire claim is ineligible for benefits."

Turning to Loiola's claim that Citizens' failed to plead fraud with particularity, he relies on MCR 2.112(B)(1), which states, "In allegations of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity."  Yet Loiola has failed to cite any precedent indicating that the pleading requirement set forth by MCR 2.112(B)(1) is applicable to affirmative defenses in the first instance.  Generally, that rule "applies only to the original *pleadings* opening a case," *Williams v Williams*, 214 Mich App 391, 395; 542 NW2d 892 (1995) (emphasis added), and affirmative defenses do not qualify as "pleadings" under our court rules, MCR 2.110(A); *McCracken v City of Detroit*, 291 Mich App 522, 527; 806 NW2d 337 (2011).  [*Id*. at 17-18 n 9.]  [Unpub op at 4.]

Analyzing the matter in light of *Glasker-Davis* as directed by our Supreme Court, the *Loiola* panel stated that MCL 500.3173a(2) "serves as a defense to payment of PIP benefits" and "applies equally to false statements made to the [MAIPF] and to false statements made to a defendant-insurer that has been assigned the claim under the MACP."  Unpub op at 6, citing *Candler*, 321 Mich App at 781.  The panel noted that, in *Glasker-Davis*, "this Court explained that 'affirmative defenses are highly analogous to pleadings' and 'serve essentially the same functional purpose' " and "concluded that a 'defense premised on an alleged violation of an antifraud provision in an insurance policy constitutes an affirmative fraud defense,' and that such a defense must be pleaded with particularity."  Unpub op at 6, quoting *Glasker-Davis*, 333 Mich App at 230, 232.

The *Loiola* panel again reviewed Citizens' affirmative defenses and deemed the following two relevant to fraud:

14. Under MCL 500.3173a(2) and the Michigan Assigned Claims Plan, Plaintiffs is [sic] ineligible for any benefits through the Michigan Assigned Claims Plan if Plaintiff has made or caused to be made false statements during the course of their claim for Plaintiff's benefits regarding the alleged accident.

15.  Should it be determined that Plaintiff's claim is supported by fraudulent information, the entire claim is ineligible for benefits.

The *Loiola* panel stated:

Although Citizens raised the issue of fraud under MCL 500.3173a(2) as a possible affirmative defense, it did so without any specificity with regard to Loiola's purportedly false statements or the circumstances constituting fraud. See MCR 2.112(B)(1). That is, Citizens provided no information about what statements Loiola made, when the statements were made, or how the statements were incorrect or false. See *Glasker-Davis*, 333 Mich App at 232-233. Given the failure to set forth facts and circumstances constituting fraud as an affirmative defense, Citizens' general references to fraud and MCL 500.3173a(2) were insufficient to plead fraud as an affirmative defense with particularity. See *id*. at 233. See also MCR 2.112(B)(1). [Unpub op at 7.]

The panel next considered whether Citizens could amend its affirmative defenses or should be barred from raising MCL 500.3173a as an affirmative defense. The panel found that the plaintiff had received notice that fraud was an issue, and at hearings before trial, Citizens stated its specific assertions of fraud. The panel concluded that, pursuant to *Glasker-Davis*, Citizens had to plead fraud as an affirmative defense with particularity but its general references to fraud lacked the particularity required to plead fraud under MCR 2.112(B)(1). Despite its failure, the panel ruled that, on remand to the trial court, the court should allow Citizens to move to amend its affirmative defenses and the plaintiff be given opportunity to respond. Unpub op at 8.

This case is similar to *Loiola* in several respects. Like the plaintiff in *Loiola*, Scott suffered injury from a motor vehicle accident and had no PIP insurance available to him, so he submitted a claim to the MAIPF seeking PIP benefits under the MACP. In Scott's case, however, the MAIPF did not assign Scott's claim; and after investigating, denied it by letter dated March 11, 2019. The denial letter notified Scott that he had been denied pursuant to MCL 500.3173a(2). Scott sued, and the MAIPF and MACP filed an answer; and under a separate heading, stated a plethora of affirmative defenses[4] including the following which, under *Loiola*, would be deemed fraud affirmative defenses:

31. Plaintiff's claim is in some respect fraudulent, thereby extinguishing their [sic] rights to benefits.

32. Plaintiff/Claimant committed a fraudulent insurance act pursuant to MCL 500.4503, thus precluding them [sic] from benefits from the assigned claims insurer and/or the Michigan Assigned Claims Plan and/ or the Michigan Automobile Insurance Placement Facility pursuant to MCL 500.3173a.

33. Plaintiff and/or the underlying claimant has wilfully misrepresented a material fact by making a material misrepresentation that was knowingly false, or made recklessly without any knowledge of its truth, with the intention that the Defendant would rely and act on said representation, thereby entitling Defendant to deny

---

[4] Many of the affirmative defenses stated boilerplate language and some were obviously inapplicable.

-10-

benefits for which the Plaintiff and/or claimant seeks. *Bahri v IDS Prop Cas Ins Co*, 308 Mich App 420; 864 NW2d 609 (2014).

34. Plaintiff's claims are barred by the wrongful conduct rule and/or are the result of a fraud perpetrated upon Defendant by Plaintiff and/or the underlying claimant.

35. Plaintiff's claims against Defendant are the result of fraudulent insurance acts in violation of MCL 500.4503, MCL 500.3148(2), MCL 500.3173a(2), MCL 750.410, MCL 750.429 and MRCP 7.3.

* * *

43. That Plaintiff/Claimant is obviously ineligible·for·benefits·from·the Michigan·Automobile Insurance Placement Facility and/or Michigan Assigned Claims Plan and/or any assigned insurer.

* * *

46. That Plaintiff is not entitled to benefits due to a material misrepresentation in the application process.

* * *

52. Plaintiff's claim is barred by MCL 500.3173 and/or MCL 500.3173(a).

The record indicates that, in response to Northland's intervening complaint, the MAIPF and MACP stated these same affirmative defenses.

Under the *Loiola* analysis applying *Glasker-Davis*, these affirmative defenses that referenced MCL 500.3173a and fraudulent insurance acts are deemed fraud affirmative defenses. Analysis of these affirmative defenses reveals that none of the MAIPF and MACP's affirmative defenses that referenced MCL 500.3173a stated with particularity what statements Scott made, when the statements were made, or how the statements were false. Applying *Glasker-Davis* in the same manner as in *Loiola*, we conclude that the MAIPF and MACP's affirmative defenses were insufficient to plead fraud as an affirmative defense because they were not pleaded with particularity as required under *Glasker-Davis*. Accordingly, we reverse the trial court's ruling and grant of summary disposition to defendants.

Nevertheless, under both *Loiola* and *Glasker-Davis*, failure to plead an MCL 500.3173a(2) affirmative defense with particularity does not mean that the MAIPF, MACP, and Farmers forever waived the defense. Like the insurers in *Loiola* and *Glasker-Davis*, the MAIPF, MACP, and Farmers who later was assigned the claim, on remand may be given an opportunity to amend their affirmative defenses based on MCL 500.3173a(2) to state the defenses with particularity because affirmative defenses may be amended under MCR 2.118(C)(1) to conform to the evidence even

after entry of judgment. *Glasker-Davis*, 333 Mich App at 230-231; *Loiola*, unpub op at 8; see also *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, 337 Mich App 360, 374; 976 NW2d 109 (2021).[5]

The record in this case indicates that neither Scott nor Northland would be prejudiced by permitting the MAIPF, MACP, and Farmers to amend their affirmative defenses that invoke MCL 500.3173a(2) to state them with the now requisite particularity pleading requirement. Scott and Northland had notice of the defense under MCL 500.3173a(2) because in its denial letter, the MAIPF informed Scott that his claim had been denied because he supported it with a fraudulent insurance act. The MAIPF, MACP, and Farmers also articulated the grounds for the defense under MCL 500.3173a(2), and supported their respective motions for summary disposition with the evidence that established Scott's commission of fraudulent insurance acts.

We reverse and remand the case to the trial court so that the MAIPF, MACP, and Farmers may amend their affirmative defenses to state their MCL 500.3173a(2) affirmative defenses with particularity and for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ James Robert Redford

---

[5] This Court has also ruled that "a party's failure to set forth a valid statement of an affirmative defense in its first responsive pleading does not necessarily result in waiver of the defense" because a party can move to amend affirmative defenses any time, and under MCR 2.118(A)(2) leave to amend must be freely granted when justice so requires. *Southeast Mich Surgical Hosp, LLC v Allstate Ins Co*, 316 Mich App 657, 663; 892 NW2d 434 (2016) (citations omitted), lv den in part and remanded in part on other grounds 503 Mich 1004 (2019).