McCRACKEN v CITY OF DETROIT

Docket No. 294218. Submitted December 9, 2010, at Detroit. Decided February 8, 2011, at 9:00 a.m.

Thomas McCracken, Richard Cadoura, Michael Kearns, and Michael Christy filed suit in the Wayne Circuit Court against the city of Detroit and related defendants, alleging violations of the Civil Rights Act, MCL 37.2010 *et seq.* When defendants filed their answer, they attached to it a separately captioned document entitled "Special and Affirmative Defenses" in which they demanded a response to the affirmative defenses. When plaintiffs did not respond to this demand within 21 days, defendants moved for summary disposition, arguing that plaintiffs' failure to respond to the affirmative defenses amounted to an admission regarding the truth of those defenses and that, therefore, plaintiffs' suit should be dismissed. The court, Prentis Edwards, J., agreed and granted defendants' motion. Plaintiffs appealed.

The Court of Appeals *held*:

1. Under MCR 2.110(A), the definition of the term "pleading" includes only (1) a complaint, (2) a cross-claim, (3) a counterclaim, (4) a third-party complaint, (5) an answer to a complaint, cross-claim, counterclaim, or third-party complaint, and (6) a reply to an answer. No other filings constitute pleadings. Defendants' affirmative defenses, filed separately from their answer, were not pleadings.

2. Under MCR 2.110(B), the only pleadings requiring a response are (1) a complaint, (2) a counterclaim, (3) a cross-claim, (4) a third-party complaint, or (5) an answer demanding a reply. Defendants' affirmative defenses, filed separately from the answer, were none of these and so they were not pleadings requiring a response even though they included a demand for a response. The court erred by deeming them admitted.

Reversed.

1. PLEADING — AFFIRMATIVE DEFENSES.

The term "pleading" as defined in the Michigan Court Rules includes only (1) a complaint, (2) a cross-claim, (3) a counterclaim, (4) a third-party complaint, (5) an answer to a complaint, cross-

claim, counterclaim, or third-party complaint, and (6) a reply to an answer; no other filings constitute pleadings; affirmative defenses, filed separately from an answer, are not pleadings (MCR 2.110[A]).

2. PLEADING — PLEADINGS REQUIRING A RESPONSE — AFFIRMATIVE DEFENSES.

The only pleadings requiring a response are (1) a complaint, (2) a counterclaim, (3) a cross-claim, (4) a third-party complaint, or (5) an answer demanding a reply; affirmative defenses filed separately from an answer are not pleadings requiring a response even if they include a demand for a response.

*Norman Yatooma & Associates, P.C.* (by *Robert S. Zawideh* and *Howard Yale Lederman*), for plaintiffs.

*Andrew Jarvis*, Assistant Corporation Counsel, for defendants.

Before: SHAPIRO, P.J., and SAAD and K. F. KELLY, JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's order granting defendants' motion for summary disposition. The trial court found that plaintiffs had effectively "admitted" defendants' affirmative defenses when failing to specifically deny them in a timely manner, particularly after defendants had demanded a response to the affirmative defenses. We hold that affirmative defenses are not pleadings requiring a response under MCR 2.110(A) and (B). Moreover, we hold that affirmative defenses are to be taken as denied even if they include a demand for a response. Accordingly, we reverse the trial court's order and remand to the trial court for further proceedings consistent with this opinion.

I. BASIC FACTS AND PROCEDURAL BACKGROUND

Plaintiffs were Caucasian employees of the Emergency Medical Services department of the City of Detroit Fire Department. They filed an amended complaint and a demand for a jury trial against defendants

on June 15, 2009, alleging race discrimination and a hostile work environment under the Civil Rights Act (CRA), MCL 37.2101 *et seq.* On July 26, 2009, defendants filed an answer to plaintiffs' amended complaint. In the answer, defendants did not demand a reply to the answer. However, in a separately captioned document attached to the answer, defendants filed special and affirmative defenses, at the end of which defendants wrote, "[d]efendants demand an answer to these affirmative defenses." Plaintiffs did not respond to the affirmative defenses within 21 days.

On August 7, 2009, defendants filed a motion for judgment, arguing that plaintiffs' failure to respond to defendants' affirmative defenses amounted to an admission regarding the truth of the affirmative defenses and, as a result, plaintiffs' complaint should be dismissed. Plaintiffs filed a response to defendants' special and affirmative defenses on August 14, 2009. The same day, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), arguing again that plaintiffs' failure to respond to the affirmative defenses as required under the Michigan Court Rules meant that the affirmative defenses should be deemed admitted and defendants should be entitled to summary disposition.

A hearing was held regarding defendants' motion for summary disposition. The trial court concluded that plaintiffs were required to respond to defendants' affirmative defenses under the Michigan Court Rules and their failure to do so entitled defendants to summary disposition. Plaintiffs now appeal.

## II. STANDARD OF REVIEW

This case requires us to examine the application and interplay between the Michigan Court Rules

regarding affirmative defenses and pleadings. The interpretation of a court rule involves a question of law subject to de novo review, but the factual findings underlying a trial court's application of a court rule are reviewed for clear error. MCR 2.613(C); *Johnson Family Ltd Partnership v White Pine Wireless, LLC*, 281 Mich App 364, 387; 761 NW2d 353 (2008). A finding is clearly erroneous when the appellate court "is left with a definite and firm conviction that a mistake has been made." *Id.*

The rules of statutory construction apply to the interpretation of court rules. *Hill v City of Warren*, 276 Mich App 299, 305; 740 NW2d 706 (2007). The goal in interpreting a court rule is "to give effect to the intent of the Supreme Court, the drafter of the rules." *Jenson v Puste*, 290 Mich App 338, 341; 801 NW2d 639 (2010). The first step in construing a court rule is to analyze the language used "because the words contained in the court rule are the most reliable evidence of the drafters' intent." *Id.* at 341-342. The provision must be considered in its entirety, and within the context of the rules, to produce "a harmonious whole." *Id.* at 342. When "a court rule provides its own glossary, the terms must be applied as expressly defined." *Richmond Twp v Erbes*, 195 Mich App 210, 225; 489 NW2d 504 (1992), overruled in part on other grounds in *Bechtold v Morris*, 443 Mich 105, 108-109; 503 NW2d 654 (1993). "The omission of language from one part of a statute that is included in another part should be construed as intentional." *Mericka v Dep't of Community Health*, 283 Mich App 29, 39; 770 NW2d 24 (2009). Ultimately, the court rules must be construed to prevent absurd results, injustice, or prejudice to the public interest. *Hill*, 276 Mich App at 305.

### III. AFFIRMATIVE DEFENSES

Plaintiffs argue that the trial court erred in concluding that defendants' demand for a response to their affirmative defenses rendered the affirmative defenses a pleading requiring a response. We agree.

To resolve the question presented here requires us to examine several court rules. MCR 2.108(A)(5) mandates that a party that has been "served with a *pleading* to which a reply is required or permitted may serve and file a reply within 21 days after service of the pleading to which it is directed." (Emphasis added.) Notably, however, what constitutes a "pleading" is limited and exclusively defined as:

(1) a complaint,

(2) a cross-claim,

(3) a counterclaim,

(4) a third-party complaint,

(5) an answer to a complaint, cross-claim, counterclaim, or third-party complaint, and

(6) a reply to an answer.

*No other form of pleading is allowed.* [MCR 2.110(A) (emphasis added).]

As is clear from the plain language of the rule, affirmative defenses are simply not pleadings for purposes of MCR 2.110(A). *In re Forfeiture of a Quantity of Marijuana*, 291 Mich App 243, 255-256; 805 NW2d 217 (2011).

Moreover, MCR 2.110(B) identifies which pleadings a party is required to respond to, and those pleadings only include:

(1) a complaint,

(2) a counterclaim,

(3) a cross-claim,

(4) a third-party complaint, or

(5) an answer demanding a reply. [MCR 2.110(B).]

Thus, according to the plain language of MCR 2.110(B), affirmative defenses are not pleadings requiring responses.

Defendants argue that affirmative defenses are part of a party's "responsive pleading"—in this case, the answer—albeit under "a separate and distinct heading . . . ." MCR 2.111(F)(3). Defendants contend that since defendants' affirmative defenses were part of their answer and they demanded a reply in the affirmative defenses, their affirmative defenses amounted to an answer demanding a reply. We disagree.

Affirmative defenses are addressed separately in MCR 2.111(F) which states in relevant part:

(2) Defenses Must be Pleaded; Exceptions. A party against whom a cause of action has been asserted by complaint, cross-claim, counterclaim, or third-party claim *must assert in a responsive pleading the defenses the party has against the claim.* A defense not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted. . . .

\* \* \*

(3) Affirmative Defenses. Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. *Under a separate and distinct heading,* a party must state the facts constituting

(a) an affirmative defense, such as contributory negligence; the existence of an agreement to arbitrate; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity granted by law; want or failure of

consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;

(b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;

(c) a ground of defense that, if not raised in the pleading, would be likely to take the adverse party by surprise. [MCR 2.111(F) (emphasis added).]

While affirmative defenses must be addressed within a party's responsive pleadings, they are not synonymous with answers and other pleadings and are defined separately from them within the Michigan Court Rules. MCR 2.110(A), which exclusively defines "pleadings," does not mention affirmative defenses. MCR 2.110(B), which defines pleadings requiring a response, also does not include affirmative defenses demanding a response. In other words, despite the language in MCR 2.111(F)(3) that affirmative defenses should be part of the responsive pleadings, affirmative defenses do not amount to a pleading by themselves nor do affirmative defenses demanding a reply count as a pleading requiring a response.

Even were we to accept defendants' position that affirmative defenses fall within the umbrella of MCR 2.110(A), we would still be constrained to find the trial court erred in deeming the affirmative defenses effectively admitted. MCR 2.111(E)(1) states: "Allegations in a pleading that requires a responsive pleading, other than allegations of the amount of damage or the nature of the relief demanded, are admitted if not denied in the responsive pleading." However, "[a]llegations in a pleading that does not require a responsive pleading are taken as denied." MCR 2.111(E)(2). Based on the plain language of the court rules defining pleadings and responsive pleadings, plaintiffs were not required to

respond to defendants' affirmative defenses, even though defendants demanded a response in them. MCR 2.110(B) exclusively defines pleadings requiring a response and affirmative defenses are not included. Accordingly, plaintiffs' failure to file a response to defendants' affirmative defenses did not amount to a concession regarding the truth of the affirmative defenses under MCR 2.111(E)(1). Alternatively stated, defendants' affirmative defenses demanding a response are not pleadings requiring a response, and the trial court should have taken them as denied.

Defendants argue that *Vannoy v City of Warren*, 15 Mich App 158; 166 NW2d 486 (1968), overruled on other grounds by *DeShambo v Anderson*, 471 Mich 27, 40; 684 NW2d 332 (2004), and *Simonson v Michigan Life Ins Co*, 37 Mich App 79; 194 NW2d 446 (1971), are controlling in this case and stand for the proposition that a failure to respond to affirmative defenses demanding a reply amounts to a concession of the truth of the affirmative defenses. We disagree. *Vannoy* and *Simonson* are not binding on this Court because they were published before 1990. "A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990 . . . ." MCR 7.215(J)(1). Moreover, they are distinguishable.

In *Vannoy*, the defendant contended that the failure of the plaintiff to respond to the defendant's affirmative defenses amounted to a concession of the veracity of the affirmative defenses. *Vannoy*, 15 Mich App at 161. However, the defendant in *Vannoy* did not demand a response in its affirmative defenses. *Id.* at 162. As a result, this Court concluded, "An averment in the nature of an affirmative defense does not require a responsive pleading unless it expressly requests a re-

ply." *Id.* at 161. *Vannoy* is distinguishable from this case since the defendant in *Vannoy* did not make a demand for a reply in either the answer or the affirmative defenses. In *Vannoy*, this Court did not address the question we are faced with: whether a demand for a reply in the affirmative defenses and not in the answer requires a responsive pleading. As a result, this Court's conclusion that "an affirmative defense does not require a responsive pleading unless it expressly requests a reply" is merely dicta.

Likewise, in *Simonson*, the defendant pleaded affirmative defenses within his answer. *Simonson*, 37 Mich App at 84. The plaintiff did not respond to all of the defendant's affirmative defenses in his reply to the defendant's answer. *Id.* at 83. The defendant argued that because the plaintiff did not respond to all of the defendant's affirmative defenses in his reply, the plaintiff could not raise any arguments in response to those defenses at trial. *Id.* This Court concluded that since the defendant did not demand a reply to its answer, the plaintiff did not need to file a responsive pleading and could raise a response to the defendant's affirmative defenses at trial. *Id.* at 84. Implicit in the reasoning of this Court in *Simonson* is an assumption that affirmative defenses are synonymous with the answer. However, like *Vannoy*, *Simonson* is distinguishable because this Court in *Simonson* did not address whether a demand for a reply in the affirmative defenses and not in the answer requires a responsive pleading. As a result, we conclude that *Simonson* does not control here.

Because the trial court erred by concluding that plaintiffs were required to reply to defendants' affirmative defenses, the affirmative defenses should not have been deemed admitted. We reverse the trial court's

order granting defendants' motion for summary disposition on that basis and remand to the trial court for further proceedings.

## IV. PLAINTIFFS' LATE REPLY

Plaintiffs further argue that the trial court erred when it failed to consider plaintiffs' late response to defendants' affirmative defenses. Given our conclusion that plaintiffs were not required to respond to defendants' affirmative defenses and our reversal of the order granting the motion for summary disposition, we need not address this question because it is moot. *Driver v Naini*, 287 Mich App 339, 355; 788 NW2d 848 (2010). "An issue is moot if an event has occurred that renders it impossible for the court to grant relief." *Attorney General v Pub Serv Comm*, 269 Mich App 473, 485; 713 NW2d 290 (2005).

Reversed and remanded for further proceedings. We do not retain jurisdiction.