*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KAIZEN CASE MANAGEMENT, LLC,

        Plaintiff-Appellant,

v

PROGRESSIVE MARATHON INSURANCE
COMPANY,

        Defendant-Appellee.

UNPUBLISHED
September 12, 2024

No. 367579
Wayne Circuit Court
LC No. 22-004215-CZ

Before: K. F. KELLY, P.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

In this case involving first-party personal injury protection (PIP) benefits, plaintiff appeals as of right the trial court's order granting defendant's motion to dismiss because of plaintiff's failure to comply with discovery. We reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case involves plaintiff's request for PIP benefits arising out of a car accident on February 12, 2020, involving defendant's insured, Ferrehn Glass. After allegedly sustaining injuries from the accident, Glass sought treatment with plaintiff and Glass assigned her PIP benefits to plaintiff for that treatment. Plaintiff submitted billings to defendant for the medical services it provided to Glass, but defendant did not make any payments to plaintiff and this lawsuit was filed.

The initial scheduling order entered by the trial court listed the discovery period to be from June 28, 2022 to November 19, 2022. On September 9, 2022, defendant noticed the deposition of plaintiff's biller, Patricia Herndon, for October 7, 2022. On January 10, 2023, defendant served interrogatories and a request for production of documents on plaintiff. On January 17, 2023, the deposition of Herndon was rescheduled to February 20, 2023. On January 24, 2023, a stipulated order to adjourn discovery dates was entered which changed the discovery cut-off date from November 19, 2022 to February 18, 2023.

On March 15, 2023, defendant filed a motion to adjourn the scheduling order dates, arguing that it had been unable to take the deposition of Herndon despite diligent efforts to do so. Further, defendant argued that plaintiff had not responded to its interrogatories or request for production of documents. Therefore, defendant requested that the trial court adjourn the discovery date to May 20, 2023. On March 28, 2023, defendant rescheduled Herndon's deposition to April 28, 2023, and later re-noticed the deposition for April 18, 2023.

By order entered on April 3, 2023, the trial court permitted discovery to be extended to May 18, 2023, directed that plaintiff provide complete responses to defendant's discovery requests within 14 days of the order, and produce Herndon for deposition with 21 days of the order.

On May 23, 2023, defendant filed a motion to dismiss for failure to comply with a court order, arguing that to date—and despite the trial court order—plaintiff had not filed responses to defendant's interrogatories or request for production of documents. At minimum, defendant requested the court to strike medical bills allegedly incurred from April 21, 2020 through June 30, 2021, because plaintiff only produced corroborating documents for dates of service from February 11, 2020 through April 20, 2020. Defendant argued that the factors set forth in *Dean v Tucker*, 182 Mich App 27, 32-33; 451 NW2d 571 (1990), when analyzed, favored dismissal or at least the striking of plaintiff's bills incurred after April 20, 2020 as a sanction. In particular, first, the violation was willful and contrary to the court order. Second, plaintiff had a history of refusing to comply with discovery. Third, defendant was prejudiced because it was unable to discern the dates and types of services plaintiff performed as they were unsupported by any evidence. Fourth, defendant had no notice of what services were performed from April 21, 2020 through June 30, 2021. Fifth, plaintiff had a history of intentional delay as evidenced by the fact that the scheduling order had to be adjourned twice. And, finally, no lesser sanction would better serve the interests of justice because plaintiff had defied the court's orders, as well as defendant's counsel's attempts to resolve these matters without court intervention by granting additional time for responses. In summary, defendant argued, plaintiff had repeatedly failed to respond to discovery requests and violated the court's order. Dismissal under these circumstances was appropriate.

Plaintiff did not file a brief in response to defendant's motion to dismiss. Oral argument for defendant's motion was scheduled, but the trial court dispensed with oral argument and granted defendant's motion to dismiss "for the reasons specified in Defendant's Motion."

Plaintiff moved for reconsideration, acknowledging that it did not file a response to defendant's motion. But, plaintiff argued, the court was required under *Dean* to evaluate on the record all available options before dismissing the case which the court did not do. And defendant was in possession of the discovery it claimed it did not have, i.e., Glass's medical records. Thus, plaintiff argued, the trial court palpably erred and her case should be reinstated.

The trial court denied plaintiff's motion for reconsideration finding that plaintiff only raised arguments already ruled on and failed to demonstrate palpable error. This appeal followed.

## II. MOTION TO DISMISS

Plaintiff argues that the trial court erred when it granted defendant's motion to dismiss because the trial court failed to address the *Dean* factors on the record and defendant was in possession of the discovery it claimed it did not have. We agree.

### A. PRESERVATION AND STANDARD OF REVIEW

"Michigan generally follows the 'raise or waive' rule of appellate review. Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court." *Walters v Nadell*, 481 Mich 377, 387; 751 NW2d 431 (2008). "[W]here an issue is first presented in a motion for reconsideration, it is not properly preserved." *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 521; 773 NW2d 758 (2009). Because plaintiff never filed a response to defendant's motion to dismiss, plaintiff's arguments were only raised in its motion for reconsideration, making all plaintiff's arguments regarding the motion to dismiss unpreserved. *Id*. However, we will review the unpreserved issue because the evidence provided in defendant's own motion to dismiss demonstrates why dismissal was not warranted. "This Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Nuculovic v Hill*, 287 Mich App 58, 63; 783 NW2d 124 (2010).

"We review a dismissal of a case for failure to comply with a court order for an abuse of discretion." *Woods v SLB Prop Mgmt, LLC*, 277 Mich App 622, 630; 750 NW2d 228 (2008). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Bradley v Progressive Marathon Ins Co*, 345 Mich App 126, 131; 3 NW3d 559 (2022) (quotation marks and citation omitted).

### B. ANALYSIS

The trial court abused its discretion when it granted defendant's motion to dismiss.

Plaintiff argues that the trial court abused its discretion when it granted defendant's motion to dismiss as a discovery sanction because the trial court did not make a record of the *Dean* factors. We "prefer to resolve issues on their merits when possible[.]" *Mueller v Brannigan Bros Restaurants & Taverns LLC*, 323 Mich App 566, 585-586; 918 NW2d 545 (2018). Generally, "[s]evere sanctions such as default or dismissal are predicated on a flagrant or wanton refusal to facilitate discovery that typically involves repeated violations of a court order." *Swain v Morse*, 332 Mich App 510, 518-519; 957 NW2d 396 (2020).

The *Dean* factors are used when determining appropriate sanctions in light of a discovery violation, and these factors are:

> (1) whether the violation was wilful or accidental, (2) the party's history of refusing to comply with discovery requests (or refusal to disclose witnesses), (3) the prejudice to the defendant, (4) actual notice to the defendant of the witness and the length of time prior to trial that the defendant received such actual notice, (5) whether there exists a history of plaintiff engaging in deliberate delay, (6) the

-3-

degree of compliance by the plaintiff with other provisions of the court's order, (7) an attempt by the plaintiff to timely cure the defect, and (8) whether a lesser sanction would better serve the interests of justice. This list should not be considered exhaustive. [*Dean*, 182 Mich App at 32-33.]

We have held that a trial court abuses its discretion when it dismisses a case with prejudice without considering or evaluating lesser sanctions on the record or by not considering the *Dean* factors. See *Duray Dev, LLC v Perrin*, 288 Mich App 143, 165-166; 792 NW2d 749 (2010), quoting *Dean*, 182 Mich App at 32 ("[T]he record should reflect that the trial court gave careful consideration to the factors involved and considered all of its options in determining what sanction was just and proper in the context of the case before it.") "Before imposing such a sanction, the trial court is required to carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Vicencio v Jamie Ramirez, MD, PC*, 211 Mich App 501, 506; 536 NW2d 280 (1995).

The trial court entered its order stating: "[It is hereby ordered] that Defendant's Motion to Dismiss for Failure to Comply with a Court Order is [granted] *for the reasons specified in Defendant's Motion*." (Emphasis added.) The trial court also dispensed with oral arguments. It is clear there was no record made by the trial court regarding defendant's motion to dismiss. Defendant argues that the trial court did not need to make a record because the trial court adopted defendant's analysis of the *Dean* factors. However, defendant's argument fails because it relies on off-the-record considerations of the *Dean* factors contrary to established caselaw requiring such considerations to be on the record. See *Duray Dev, LLC*, 288 Mich App at 165-166; *Vicencio*, 211 Mich App at 506.

Plaintiff also argues that it did not violate the trial court's order warranting dismissal. Dismissal as a sanction is warranted after "flagrant or wanton refusal to facilitate discovery that typically involves repeated violations of a court order." *Swain*, 332 Mich App at 518-519. Defendant's motion to dismiss was predicated, in relevant part, on plaintiff not providing defendant with Glass's complete medical records despite a court order to do so. Specifically, defendant argued that plaintiff did not provide the whole medical record because plaintiff billed from September 29, 2020 through June 30, 2021, but only provided the records from February 11, 2020 to April 20, 2020. Defendant argued that this failure amounted to plaintiff not following the trial court's order to provide defendant a complete record for discovery.

Plaintiff asserts that defendant was in possession of Glass's complete medical record and attached the complete medical record to its motion to dismiss. Glass's medical record begins on February 11, 2020 and the last entry is dated April 20, 2020. Defendant is superficially correct in that the date range appears to be February 11, 2020 to April 20, 2020. However, when reviewing the actual medical record, the last entry date is a typographical error. The previous entry in the medical record is dated December 14, 2020, making it impossible for the next appointment to have occurred on "April 20, 2020." Also, after the April 20, 2020 entry is a list of appointments where April 20, 2021 is noted as the last appointment. And the erroneous "April 20, 2020" entry states that Glass was accompanied to a neurology appointment by a case manager working for plaintiff. But in plaintiff's billing statement, plaintiff billed for travel and listed the bill for neurology on April 20, 2021. A simple review of Glass's medical record shows the last entry is a typographical error and should be April 20, 2021—not 2020.

-4-

Defendant was in possession of Glass's complete medical record when it filed its motion to dismiss. The trial court abused its discretion when it granted defendant's motion to dismiss because evidence provided by defendant showed that defendant actually had the complete medical record. Granting a motion where attached evidence demonstrates the motion to be baseless falls outside the range of principled outcomes this Court accepts. See *Bradley*, 345 Mich App at 131.

In summary, because the trial court did not make any findings or considerations of the *Dean* factors on the record, the trial court abused its discretion when it granted defendant's motion to dismiss. See *Vicencio*, 211 Mich App at 506. The trial court also abused its discretion in granting the motion to dismiss because attached evidence showed defendant was in possession of Glass's complete medical record when defendant filed its motion—contrary to defendant's claim. See *Woods*, 277 Mich App at 630.

## III. CONCLUSION

For the reasons explained above, we reverse the trial court's order granting defendant's motion to dismiss and remand this matter for further proceedings consistent with this opinion.[1] Plaintiff is entitled to costs as the prevailing party. MCR 7.219(A). We do not retain jurisdiction.

/s/ Kirsten Frank Kelly
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly

---

[1] Plaintiff's arguments related to its motion for reconsideration have been rendered moot by our reversal of the dismissal order. See *McCracken v Detroit*, 291 Mich App 522, 531; 806 NW2d 337 (2011), quoting *Attorney Gen v Pub Serv Comm*, 269 Mich App 473, 485; 713 NW2d 290 (2005). Consequently, we decline to consider those arguments.