*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DIANA RICHARDSON, Personal Representative of
the ESTATE OF NAOMI RICHARDSON,

      Plaintiff-Appellant,

v

RYAN JALEN MENIFEE and SHERRI MENIFEE,

      Defendants,

and

INTEGON NATIONAL INSURANCE COMPANY,

      Defendant-Appellee.

UNPUBLISHED
April 09, 2025
11:07 AM

No. 368111
Wayne Circuit Court
LC No. 19-013475-NI

Before: GARRETT, P.J., and K. F. KELLY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff's decedent, Naomi Richardson, was injured in a motor vehicle accident. Richardson filed this action against defendant Integon National Insurance Company (Integon), her no-fault insurer. The trial court granted summary disposition in Integon's favor and declared the insurance policy void *ab initio*. In *Estate of Richardson v Menifee*, unpublished per curiam opinion of the Court of Appeals, issued January 19, 2023 (Docket No. 359818) (*Richardson I*), this Court vacated the trial court's order and remanded this case to the trial court to allow Integon to move to amend its affirmative defenses to add rescission as an affirmative defense. On remand, the trial court granted Integon's motion and again granted summary disposition in Integon's favor. Because the trial court did not abuse its discretion by allowing the amendment or by determining that rescission was appropriate and granting summary disposition on that basis, we affirm.

## I. FACTUAL BACKGROUND

This case concerns personal protection insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq*. In *Richardson I*, we set forth the relevant factual history:

-1-

Richardson worked for Shipt, a grocery-delivery service. She worked five days a week, while her daughters attended school, and completed several deliveries per day. She used her personal vehicle to transport the groceries. On March 4, 2019, Richardson finished her last grocery delivery for the day, and was driving her vehicle to pick her daughters up from school when she was involved in an automobile accident. She was not treated for any injuries at the scene, but afterward experienced pain in her back, neck, and shoulders, for which she sought treatment, including pain management, medication, physical therapy, and chiropractic services.

Richardson applied for no-fault benefits from her no-fault insurer, Integon, who initially paid some [PIP] benefits. However, after Richardson underwent a defense medical examination (DME), Integon suspended her benefits in May 2019 on the basis of the DME's results, which indicated that she could return to her pre-accident physical activities without any limitation. Richardson did not return to work and, despite Integon's refusal to continue PIP benefits, continued treatment for her alleged accident-related injuries. Richardson initiated this lawsuit, on October 10, 2019, for payment of no-fault benefits.

During discovery, in March 2020, Richardson was deposed and revealed that she had used her vehicle to deliver groceries in her job as a driver for Shipt. This use was contrary to the representation on her insurance application that she did not use her vehicle for business purposes. According to Integon, that misrepresentation was material, thereby triggering Integon's right to rescind the policy under its terms and Michigan law. In particular, Gina Akrawi, an insurance agent with LA Insurance, was deposed in June 2020, during which she testified that Integon would not have issued the policy had it known of Richardson's commercial use. Integon moved for summary disposition, asserting that Richardson's policy was void *ab initio* because of her misrepresentation. To establish that the misrepresentation was material, Integon relied on Akrawi's testimony.

In response, plaintiff[1] challenged the sufficiency of the evidence to establish the materiality of the misrepresentation, arguing that Akrawi, who was not an Integon representative, was not competent to testify regarding Integon's underwriting requirements. Plaintiff also raised equitable arguments, asserting that Integon should be precluded from raising rescission as a defense because it initially denied Richardson's no-fault benefits solely on the basis of her DME, and did not properly raise her misrepresentation as an affirmative defense, or otherwise, as a basis for denying benefits, before moving for summary disposition. Plaintiff claimed that Integon's delayed assertion of its right to rescind the policy prejudiced Richardson, who incurred medical costs of over $200,000 while believing that

---

[1] Richardson died during the trial court proceedings. Plaintiff, Richardson's mother, was appointed personal representative of Richardson's estate and substituted for Richardson as plaintiff in this action.

Integon's sole basis for denying coverage was the DME and that her policy would otherwise remain in effect.

> In reply, Integon presented the affidavit of Rose Chrustic, a Senior Underwriting Manager for Integon, who averred that Integon's underwriting guidelines provided, "We will not insure: Vehicles used for emergency, racing, livery, and delivery or pick up of goods, limousine, or taxi service or used to haul explosives." Chrustic further averred that Richardson's misrepresentation "materially affected the risk because Integon would have never accepted the risk (i.e., written this insurance policy) had this information been disclosed, because it does not insure vehicles used for business purposes, specifically, the delivery or pick up of goods." In responding to plaintiff's equitable arguments, Integon argued that it could properly demand rescission on the basis of the newly discovered information and that Richardson could not have been prejudiced by any delayed assertion of its right to rescind the policy because she was responsible for the misrepresentation on which Integon relied, and aware that false or misleading answers on her application could result in rescission.

> After a hearing, the trial court agreed with Integon that there was a material misrepresentation, and that "rescission is an equitable remedy that is allowed." The court then entered an order granting Integon's motion for summary disposition, declaring the subject insurance policy void *ab initio*, and dismissing all claims against Integon with prejudice. [*Richardson I*, unpub op at 2-3.]

On appeal, this Court determined that rescission is an affirmative defense that Integon was required to plead with particularity in its first responsive pleading. *Id*. at 3-5. We stated that because the record showed that Integon did not learn of the misrepresentation until discovery, Integon should have moved to amend its affirmative defenses to include rescission promptly after it became aware of the misrepresentation. *Id*. at 6-7. We concluded as follows:

> On this record, we hold that Integon failed to adequately assert, with requisite factual specificity, its affirmative defense of rescission based on Richardson's material misrepresentation in its responsive pleading, as originally filed or amended.

> However, this does not mean that Integon necessarily waived that defense, because, as noted, a defendant may move to amend its affirmative defenses at any time, and leave should be freely granted unless doing so would prejudice the opposing party. See *Glasker-Davis* [*v Auvenshine*], 333 Mich App [222, 230; 964 NW2d 809 (2020)]. Therefore, as in *Glasker-Davis*, we conclude that it is appropriate to vacate the trial court's order granting summary disposition and remand this case to the trial court to allow Integon to move to amend its affirmative defenses, and plaintiff to respond to the motion, in order for the court to decide the matter of amendment and waiver in the first instance. See *id*. at 231-233. [*Richardson I*, unpub op at 7.]

On remand, Integon moved to amend its affirmative defenses to assert rescission as an affirmative defense and to add Chrustic to its witness list. Plaintiff opposed Integon's motion, arguing that Integon unduly delayed asserting rescission as an affirmative defense and that the focus of discovery and litigation until Integon moved for summary disposition was whether Richardson's medical treatment was reasonable and necessary. Plaintiff asserted that she would be prejudiced if Integon was permitted to amend its affirmative defenses and add a new witness because discovery would have to be reopened, which would significantly delay the proceeding, and all Explanation of Benefits forms indicated that Integon denied benefits on the basis of the DME.

The trial court granted Integon's motion and again granted summary disposition in Integon's favor, determining that rescission based on Richardson's misrepresentation was appropriate. The court declared the policy void *ab initio*. This appeal followed.

## II. AMENDMENT OF AFFIRMATIVE DEFENSES

We review for an abuse of discretion a trial court's decision on a motion to amend affirmative defenses. *VHS of Mich, Inc v State Farm Mut Auto Ins Co*, 337 Mich App 360, 372; 976 NW2d 109 (2021). "An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes, or when the trial court makes an error of law." *Id.* at 372-373.

Although affirmative defenses are not pleadings under MCR 2.110(A), *McCracken v Detroit*, 291 Mich App 522, 526-528; 806 NW2d 337 (2011), they must nevertheless be pleaded, *Glasker-Davis*, 333 Mich App at 230. MCR 2.111(F)(3) requires that an affirmative defense "be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118." MCR 2.118(A)(2) states that leave to amend "shall be freely given when justice so requires." Further, MCR 2.118(C)(1) and (2) provide that "[a] party may move to amend its affirmative defenses at any time, and leave should be granted freely unless doing so would prejudice the other party." *Glasker-Davis*, 333 Mich App at 230. " 'Prejudice' within the meaning of MCR 2.118(C)(2) does not mean the opposing party might lose on the merits or might incur some additional costs; rather, it means the opposing party would suffer an inability to respond that the party would not otherwise have suffered if the affirmative defense had been validly raised earlier." *Id*. at 231.

Plaintiff argues that Integon's delay in asserting rescission as an affirmative defense was prejudicial because it denied Richardson an opportunity to conduct discovery with the defense "in mind." Plaintiff refers specifically to Richardson's deposition testimony and contends that Integon's "sandbagging" prevented Richardson from providing detailed testimony concerning the insurance-application process to counter Akrawi's testimony about the process. A review of Richardson's deposition testimony, however, shows that she was unable to recall details about the insurance-application process.

Richardson testified that Akrawi completed the insurance application, which was consistent with Akrawi's testimony that she asked Richardson for the information needed to complete the application and inputted Richardson's responses on her computer. When asked at her deposition whether she told Akrawi that she used her vehicle to make deliveries, Richardson

responded, "No. Well, I don't remember, honestly." In addition, when asked whether she "filled out anything in handwritten form" on the application, Richardson replied, "No, I don't remember." Accordingly, the record shows that Richardson was unable to recall details about the application process at her deposition. Plaintiff fails to indicate what information Richardson could have provided if she had been able to prepare for her deposition with knowledge of Integon's rescission defense. Richardson's responses indicating that she could not recall specific information seemingly would have been the same regardless of whether she had been aware of the defense.

Plaintiff also argues that Integon failed to pursue rescission of the policy "with any sense of fair-minded litigation or integrity" because Integon represented in its answers to interrogatories in September 2020 that it denied Richardson's claim solely on the basis of the DME notwithstanding that Integon's defense focused on rescission by that time. We agree. Although Integon undeniably aimed to pursue a rescission defense at the time that it answered the interrogatories, it failed to indicate as such when specifically asked "each defense" that it intended to assert. Integon's failure to alert plaintiff of the defense was dishonest and lends credence to plaintiff's claim of "sandbagging."

Nevertheless, plaintiff cannot establish prejudice within the meaning of MCR 2.118(C)(2) because she has failed to demonstrate an inability to respond to the defense that she would not have suffered if Integon had raised the defense sooner. See *Glasker-Davis*, 333 Mich App at 231. Although Richardson is now deceased, her deposition testimony shows that she did not recall the details of the insurance-application process about which she was asked other than the fact that Akrawi filled out the application. Plaintiff fails to indicate other questions that Richardson could have been asked to challenge Integon's claim that rescission was warranted. In short, plaintiff fails to indicate with any specificity what would have been done differently if Integon had moved to amend its affirmative defenses sooner. Accordingly, the trial court did not abuse its discretion by allowing Integon to amend its affirmative defenses to add rescission as an affirmative defense.

## III. ADDING WITNESS CHRUSTIC

Although plaintiff asserts in her statement of questions presented that the trial court erred by allowing Integon to add Chrustic as a witness, she failed to provide any substantive argument supporting that assertion. "A party cannot simply assert an error or announce a position and then leave it to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position." *Mitchell v Mitchell*, 296 Mich App 513, 524; 823 NW2d 153 (2012) (quotation marks and citation omitted). A party abandons a claim of error by failing to address the merits of the claim. *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339-340; 662 NW2d 854 (2003). By failing to provide any substantive argument supporting her claim that the trial court erred by allowing Integon to add Chrustic as a witness, plaintiff has abandoned her claim of error.

## IV. RESCISSION

We review de novo a trial court's decision on a motion for summary disposition. *Shinn v Mich Assigned Claims Facility*, 314 Mich App 765, 768; 887 NW2d 635 (2016). Summary disposition is appropriate if the party opposing the motion fails to provide documentary evidence establishing a genuine issue of material fact for trial. *Id*. We review for an abuse of discretion a

trial court's decision allowing rescission of an insurance policy. *Webb v Progressive Marathon Ins Co*, 335 Mich App 503, 508; 967 NW2d 841 (2021).

"[A]n insurance policy procured by fraud may be declared void *ab initio* at the option of the insurer." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 408; 919 NW2d 20 (2018). To establish fraud with respect to an insurance policy, the insurer must show:

> (1) the insured made a material representation, (2) the representation was false, (3) the insured knew that the misrepresentation was false when the insured made it, or the insured made it recklessly, (4) the insured intended for the insurer to act on the representation, (5) the insurer acted in reliance on the representation, and (6) the insurer suffered injury. [*Howard v LM Gen Ins Co*, 345 Mich App 166, 173; 5 NW3d 46 (2023).]

If there exists a question of fact regarding at least one of the elements, summary disposition is inappropriate and the question is for the jury to determine. *Nahshal v Fremont Ins Co*, 324 Mich App 696, 719; 922 NW2d 662 (2018). Rescission abrogates the insurance contract and restores the parties to their relative positions as if the contract had never been made. *Bazzi*, 502 Mich at 409. Because rescission is equitable in nature, it is not a matter of right; rather, a trial court has discretion whether to grant rescission. *Id*. A court must balance the equities "when determining whether an insurer may rescind an insurance policy." *Howard*, 345 Mich App at 174 (quotation marks and citation omitted). "Rescission should not be granted when the result would be inequitable or unjust." *Id*. The party seeking rescission has the burden of demonstrating that the remedy is warranted. *Id*.

Plaintiff argues that the trial court erred by granting summary disposition for Integon because genuine issues of material fact regarding completion of the insurance application preclude summary disposition in Integon's favor. Plaintiff asserts that although Akrawi testified that she generally prints the application, reviews it with the customer, and asks the customer to sign and initial the application in various places, Richardson's application reflects that Akrawi did not follow that process in this case. In support of her argument, plaintiff relies on the fact that Richardson's initials appear in numerous places on the application, but they do not appear in the section containing five underwriting questions, including whether the vehicle is used for business purposes, or in the following section stating that the policy may be rescinded if false or misleading answers are provided. Further, plaintiff asserts that Richardson was not asked many questions about the application process during her deposition, including whether she had an opportunity to "fully and fairly" review the application.

Plaintiff does not indicate which element or elements of the six-factor rescission test she claims were not met, but it appears that her arguments involve the first two elements—whether Richardson made a misrepresentation and, if so, whether it was material. In *Richardson I*, we recognized that Richardson misrepresented the fact that she used her vehicle for business purposes, and, on remand in the trial court, plaintiff conceded that Richardson made a misrepresentation. Moreover, Chrustic's affidavit indicates that Integon would not have issued the policy if Richardson had disclosed that she used her vehicle to make deliveries for Shipt. As such, the misrepresentation was material. "A misrepresentation on an insurance application is material if, given the correct information, the insurer would have rejected the risk or charged an increased

premium." *Montgomery v Fidelity & Guaranty Life Ins Co*, 269 Mich App 126, 129; 713 NW2d 801 (2005). Therefore, Richardson made a misrepresentation that was material.

Moreover, plaintiff's arguments concerning the insurance-application process are unavailing. Akrawi testified that she remembered Richardson and that she asked Richardson the questions stated on the application. Akrawi further testified that she typed "no" in response to the question asking whether the vehicle was used for business purposes on the basis of Richardson's response to the question. Although plaintiff correctly asserts that Richardson did not initial the section containing the underwriting questions, that fact is not particularly relevant. The application does not contain spaces designated for the applicant's initials. Instead, Richardson's initials appear in apparently random places on the application. Further, although plaintiff argues that Richardson did not initial the application in the section following the underwriting questions—where the application states that the policy may be rescinded if false or misleading answers are provided— Richardson signed and dated that section of the application.

Plaintiff attempts to create a question of fact by asserting that Richardson's deposition testimony fails to indicate whether she had an opportunity to "fully and fairly" review the application. However, even if Richardson did not read the application before she signed it, that fact would not be relevant to whether she committed fraud. In *Webb*, 335 Mich App at 506, the insured, Chirece Clark, sought a no-fault policy with the defendant insurer, Progressive Marathon Insurance Company (Progressive). Clark failed to indicate that her son, Brian Webb, lived with her. Progressive sent Clark the completed application for insurance, which Clark signed and returned. *Id.* Thereafter, Webb was involved in an accident while driving Clark's vehicle. *Id.* at 505-506. This Court determined that Progressive was entitled to rescind the policy on the basis of Clark's fraud in procuring the policy. *Id.* at 510. This Court stated that "even if it is true that Progressive completed the application and Clark did not read it, Progressive was still entitled to an order that Clark committed fraud in connection with the application for insurance." *Id.* at 509. This Court relied on its previous decision in *Montgomery*, 269 Mich App at 129-130, in which this Court noted that it was immaterial who misrepresented the decedent's tobacco use on the life insurance application because both the decedent and his wife signed the application, indicating that the information provided was true and complete. *Webb*, 335 Mich App at 509. The *Montgomery* Court further stated, "It is well established that failure to read an agreement is not a valid defense to enforcement of a contract." *Montgomery*, 269 Mich App at 130. Similarly, in the instant case, Richardson signed the application, agreeing that her answers to the questions were "true and correct" as the agreement indicated.

Finally, although plaintiff does not challenge the trial court's determination that rescission was appropriate, we note that the trial court did not abuse its discretion by so concluding. The record shows that Richardson would not have obtained the policy if she told Akrawi that she drove the vehicle in the course of her employment with Shipt. Accordingly, the trial court did not err by granting summary disposition in Integon's favor.

## V. CONCLUSION

Richardson made a material misrepresentation when she applied for her insurance policy. Although Integon unduly delayed asserting rescission as an affirmative defense, the trial court did not abuse its discretion by allowing Integon to amend its affirmative defenses because plaintiff is

unable to demonstrate prejudice as a result of the delay. Further, plaintiff abandoned her claim of error with respect to Integon adding Chrustic as a witness. Finally, the trial court did not err by granting summary disposition in Integon's favor on the basis of the misrepresentation and declaring the policy void *ab initio*.

Affirmed.

/s/ Kristina Robinson Garrett
/s/ Kirsten Frank Kelly
/s/ Brock A. Swartzle