*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ROBERT HUNT,

      Plaintiff-Appellant,

v

SONEE HOSPITALITY, INC., doing business as
MOUNTAIN HOST MOTOR INN,

      Defendant-Appellee.

UNPUBLISHED
May 19, 2026
12:15 PM

No. 370818
Dickinson Circuit Court
LC No. 2022-020746-NO

Before: WALLACE, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

In this personal injury action, plaintiff-appellant, Robert Hunt, appeals as of right the trial court order granting summary disposition and dismissal in favor of defendant-appellee, Sonee Hospitality Inc., doing business as Mountain Host Motor Inn.[1] We affirm in part, reverse in part, and remand for further proceedings.

---

[1] As an initial matter, defendant argues that this Court lacks jurisdiction over this appeal. We disagree.

Defendant first argues that the trial court's October 31, 2023 order was the final order in this case—as opposed to the trial court's April 25, 2024 order that is the subject of this appeal—and because plaintiff failed to file this appeal until more than six months after entry of the October 2023 order, this Court lacks jurisdiction under MCR 7.205(A)(4)(a). But defendant ignores the fact that plaintiff previously attempted to appeal the trial court's October 2023 order, and this Court dismissed his claim of appeal for lack of jurisdiction, reasoning that the October 2023 order was not a final order. See *Hunt v Sonee Hospitality*, unpublished order of the Court of Appeals, entered March 5, 2024 (Docket No. 368693). Conversely, the trial court's April 2024 order specifically states that it "resolves the last pending claim and closes this case under MCR 2.602(A)(3)." Moreover, to the extent defendant argues that plaintiff cannot raise issues related to the October 2023 order in this appeal, we remind the parties that "[a] party claiming an appeal of right from a

-1-

# I. FACTS

In November 2019, plaintiff allegedly injured his rotator cuff when he slipped and fell at the entrance of the Mountain Host Motor Inn ("the hotel"). In March 2022, plaintiff filed a complaint in this matter and served defendant via certified mail sent to defendant's resident agent, Legal Corp Solutions, Inc. Defendant acknowledges that its resident agent proceeded to e-mail the summons and complaint to Sunny Ghandi, the president and one of two officers of the defendant corporation; however, Ghandi claims that he failed to notice or open the e-mail. Accordingly, defendant failed to answer the complaint.

In May 2022, plaintiff filed a default request, which was granted unopposed, and in October 2022, plaintiff moved for entry of a default judgment. Both filings were, again, timely mailed to defendant's resident agent. As the trial court stated, "Upon information and belief, [the default judgment motion] notification was also sent to Sunny Gandhi via email, and he did not see and/or open the message from the registered agent."

A hearing regarding plaintiff's motion for entry of a default judgment was scheduled for February 2023; notice of this hearing was mailed to defendant's resident agent in October 2022, and a return receipt indicates that defendant's resident agent accepted delivery of that notice. Nonetheless, defendant failed to appear at the February 2023 hearing, and the trial court proceeded to grant plaintiff a default judgment against defendant in the amount of $500,000. Thereafter, plaintiff submitted an order on notice of presentment, which was also mailed to defendant's resident agent, and which the trial court entered.

Despite the fact that defendant's resident agent had been notified—via certified mail—with multiple legal notices in an 11-month time span, defendant did not respond to any of the court filings or notices until July 2023, after defendant's bank notified defendant of a writ of garnishment connected to this case. On the same day that defendant filed its appearance in this case, it also submitted a motion to set aside the default judgment and an objection to garnishment, arguing that defendant: (1) did not own the hotel when plaintiff's alleged injury occurred, and (2) was not properly served. In October 2023, the trial court set aside the default judgment[2] on the basis that: (1) defendant was not a mere continuation of the former corporate owner and was, therefore, not liable; and (2) "the method of service was neither appropriate nor sufficient, and that the Defendant

---

final order is free to raise issues on appeal related to prior orders." *Green v Ziegelman*, 282 Mich App 292, 301 n 6; 767 NW2d 660 (2009) (quotation marks and citation omitted).

Defendant further argues that because the April 2024 order dismissed this matter "without prejudice," it was not a final order under MCR 7.203(A). We disagree. Again, the April 2024 order clearly stated that it "resolves the last pending claim and closes this case under MCR 2.602(A)(3)." Accordingly, there was nothing left for the trial court to decide, and all claims were finally "disposed" of within the meaning of MCR 7.202(6)(a)(*i*). See e.g., *Attorney Gen v Blue Cross Blue Shield of Mich*, 291 Mich App 64, 75-76; 810 NW2d 603 (2010).

[2] The parties treat the trial court's October 2023 order as a dismissal of the default judgement *and* default. We will do the same.

resultingly did not have actual notice of the proceeding." In March 2024, defendant moved for summary disposition and dismissal, which the trial court granted. Plaintiff now appeals.

## II. ORDER SETTING ASIDE THE DEFAULT

On appeal, plaintiff argues that the trial court abused its discretion by setting aside the default. We disagree.

## A. PRESERVATION AND STANDARD OF REVIEW

Because these issues were raised in the trial court, they are preserved for appellate review. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227-228; 964 NW2d 809 (2020). "Review of a trial court's decision on a motion to set aside a default or a default judgment is for a clear abuse of discretion." *Tindle v Legend Health, PPLC*, 346 Mich App 468, 474; 12 NW3d 667 (2023) (quotation marks and citation omitted). "An abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *Id*. (quotation marks and citation omitted). "The interpretation of a court rule involves a question of law subject to de novo review, but the factual findings underlying a trial court's application of a court rule are reviewed for clear error." *McCracken v Detroit*, 291 Mich App 522, 525; 806 NW2d 337 (2011). "A finding is clearly erroneous when the appellate court is left with a definite and firm conviction that a mistake has been made." *Id*. (quotation marks and citation omitted).

## B. SUCCESSOR LIABILITY—MERE CONTINUATION

Plaintiff first argues that the trial court abused its discretion by setting aside the default because defendant was liable under a successor liability theory. We disagree.

In this case, the trial court found grounds for relief of judgment under MCR 2.612(C)(1)(a) and (c). MCR 2.612(C)(1)(a) allows for relief of judgment on grounds of "[m]istake, inadvertence, surprise, or excusable neglect," and MCR 2.612(C)(1)(c) allows for relief of judgment on grounds of "[f]raud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." MCR 2.612(C)(1)(a) and (c).

As to MCR 2.612(C)(1)(a), the trial court found that there was a mistake in the pleadings because the defendant corporation "did not exist as a business entity until March 16, 2021 and did not take ownership of [the hotel] until June 2, 2021, roughly 2 years *after* [plaintiff's] injury had occurred." Accordingly, several allegations in the complaint were resultingly inaccurate. Under MCR 2.612(C)(1)(c), the trial court similarly found that plaintiff had innocently misrepresented that defendant was the owner and possessor of the hotel at the time plaintiff was injured.

Plaintiff appears to accept that defendant was not the owner of the hotel at the time of his injury. But plaintiff argues that defendant is liable under a successor liability theory because defendant was a mere continuation of the previous hotel owner.[3] We disagree.

"Michigan follows the traditional rule of successor liability." *Commonwealth Land Title Ins Co v Metro Title Corp*, 315 Mich App 312, 315; 890 NW2d 395 (2016). "Under that rule, the nature of the transaction determines the potential liability of predecessor and successor corporations." *Id*. at 316. "If the acquisition is accomplished by merger, with shares of stock serving as consideration, the successor generally assumes all its predecessor's liabilities." *Id*. (quotation marks and citation omitted). But "where the purchase is accomplished by an exchange of cash for assets, the successor is not liable for its predecessor's liabilities unless one of five narrow exceptions applies." *Id*. (quotation marks and citation omitted). "The five exceptions are: (1) an express or implied assumption of liability; (2) de facto consolidation or merger; (3) fraud; (4) transfer lacking in good faith or consideration; or (5) where the transferee corporation was a mere continuation or reincarnation of the old corporation." *Id*.

"To determine whether a successor corporation is a mere continuation of its predecessor, Michigan courts examine the totality of the circumstances and engage in a multi-factor analysis." *In re Clements Mfg Liquidation Co*, 521 BR 231, 258 (Bankr ED Mich, 2014) (quotation marks and citation omitted).[4] "The only indispensable prerequisites to application of the exception appear to be common ownership and a transfer of substantially all assets." *Id*. (quotation marks and citation omitted). "Beside these two factors, the most important consideration appears to be the nature of the business performed by the successor corporation—that is, whether its main corporate purpose was to conduct the same business as its predecessor." *Id*. (quotation marks and citations omitted). "Several other factors also bear upon [a] mere continuation analysis: the new corporation's retention of the old corporation's officers and employees, the new corporation's occupancy of the old corporation's place of business, and the new corporation's selective repayment of the old corporation's debts." *Id*. (quotation marks and citations omitted). "Notably, however, no Michigan court has found these factors alone sufficient to justify imposition of successor liability." *Id*. (quotation marks and citation omitted).

In this case, the trial court recognized that many "facets of the business apparently remained intact from the prior corporate ownership," including the same physical location, business name, sign, website, phone number, and contract with the Veteran's Administration

---

[3] As an initial matter, plaintiff's reliance on *Lakeview Commons v Empower Yourself*, 290 Mich App 503; 802 NW2d 712 (2010), is misplaced because this Court has since recognized that *Lakeview Commons* conflated the "mere continuance" standard with the separate "continuity of the enterprise" standard used in products liability cases. See *Commonwealth Land Title Ins Co v Metro Title Corp*, 315 Mich App 312, 315-316; 890 NW2d 395 (2016).

[4] The decisions of lower federal courts, which includes bankruptcy courts, are not binding on state courts, but they may be persuasive. *Abela v Gen Motors Corp*, 469 Mich 603, 607; 677 NW2d 325 (2004). This bankruptcy case is included to provide a helpful summary of the factors that Michigan courts have relied on when deciding this issue. See *In re Clements Mfg Liquidation Co*, 521 BR at 258.

Hospital. Nonetheless, the trial court dismissed plaintiff's argument, reasoning that: (1) both of defendant's officers had no involvement with, or relation to, the prior corporate owner; (2) defendant's purchase agreement for the hotel "required a substantial cash deposit and a significant purchase price"; (3) "[t]here is no suggestion that this was not an arms-length transaction, and there is no evidence that there was anything but a business relationship between the owners of the two corporate entities"; (4) "[t]his was not a situation where a corporate entity underwent a name change and emerged as essentially the same corporation with a new corporate identity"; (5) this was not "a situation where a corporation went under and rose again like a phoenix from the ashes, maintaining the same corporate officers and structure"; and (6) "this purchase was by an entirely different corporation with different corporate officers." The trial court further reasoned that although

> the primary underlying business remained the same, and there were no significant changes made to the hotel business, the Court cannot find that the new corporate entity was a mere continuation of the prior corporate owner. Again, there was apparently a legitimate sale of the business and its assets to an entirely new ownership group. It would be patently unfair to hold the new owner liable for an accident that occurred two years prior to the formation of the corporate entity under these circumstances where the new corporate entity was clearly not a mere continuation of the former corporation. The Court therefore finds that [defendant] was not a mere continuation of [the prior owner].

Considering that the record supports the trial court's thorough examination of the transfer in ownership, we are not left with a definite and firm conviction that a mistake has been made. See *McCracken*, 291 Mich App at 525. Therefore, the trial court did not clearly err by finding that defendant was not a mere continuation of the prior hotel owner. See *id.*

Accordingly, the trial court did not abuse its discretion by setting aside the default on the basis that a mistake or innocent misrepresentation was made in the pleadings, i.e., that defendant was not the hotel owner, or a mere continuation of the hotel owner, at the time of plaintiff's alleged injury. See MCR 2.612(C)(1)(a) and (c); *Tindle*, 346 Mich App at 474.

## C. SERVICE

Plaintiff further argues that the trial court abused its discretion by setting aside the default because defendant had knowledge of plaintiff's cause of action. We conclude that although service was not properly effectuated, defendant *had* knowledge of the proceedings; therefore, the trial court abused its discretion by setting aside the default on this basis.

The Michigan Supreme Court has explained that a trial court may set aside a judgment if:

> (1) personal jurisdiction over defendants was necessary and acquired, (2) defendants in fact had no knowledge of the action pending against them, (3) defendants entered an appearance within one year after the final judgment, (4) defendants show a reason justifying relief from the judgment, and (5) granting defendants relief from the judgment will not prejudice innocent third persons.

[*Lawrence M Clarke, Inc v Richco Constr, Inc*, 489 Mich 265, 273, 803 NW2d 151 (2011); see MCR 2.612(B).]

The issue is whether defendant had knowledge of the action pending against it. See *id*.

A defendant is presumed to know of an ongoing action if they received proper service of process under MCR 2.105. See *Bullington v Corbell*, 293 Mich App 549, 556; 809 NW2d 657 (2011). In this case, because defendant is a private corporation, plaintiff had to satisfy the service requirements under MCR 2.105(D). This Court has previously explained MCR 2.105(D)'s service requirements as follows:

> With regard to private corporations, the court rules require personal service on an officer, registered agent, director, trustee, or person in charge of an office or business establishment. MCR 2.105(D)(1) and (2). If service is made by serving a summons and copy of the complaint on a director, trustee, or person in charge of an office or business establishment, the plaintiff must also send a summons and complaint "by registered mail, addressed to the principal office of the corporation." MCR 2.105(D)(2). A plaintiff may employ registered mail to serve process when a corporation "has failed to appoint and maintain a registered agent . . . ." MCR 2.105(D)(4)(a). [*Id*. at 557-558.]

Accordingly, absent evidence that a corporation "failed to appoint and maintain a resident agent," MCR 2.105(D)(4)(a), a plaintiff may not "use certified mail as an initial form of service on corporate entities of any kind," *id*. at 558.

In this case, neither party disputes that defendant appointed and maintained a resident agent. Therefore, plaintiff's actions in sending the summons and complaint to defendant's resident agent via certified mail did not constitute proper service under MCR 2.105(D).[5] See *id*. at 557-558.

Nonetheless, plaintiff argues that because defendant admitted that its resident agent received the documents and forwarded them to Gandhi via e-mail before the summons expired, defendant had "knowledge of the action pending against them," pursuant to MCR 2.612(B). We agree.

MCR 2.105(K)(3) states that "[a]n action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." Accordingly, MCR 2.105(K)(3) "forgives errors in the manner or content

---

[5] Plaintiff's argument that service was proper under MCR 2.105(I)(1) similarly fails. MCR 2.105(I)(1) provides that "[s]ervice of process on a defendant may be made by serving a summons and a copy of the complaint on an agent authorized by written appointment or by law to receive service of process." This Court previously interpreted similar phrasing in MCR 2.105(D)(1)— "serving a summons and a copy of the complaint on an officer or the resident agent"—to require personal service. *Bullington*, 293 Mich App at 557. Accordingly, the language in MCR 2.105(I)(1) also requires personal service. See *id*.

of service of process. It does not forgive a failure to serve process." *Holliday v Townley*, 189 Mich App 424, 426; 473 NW2d 733 (1991).

In this case, the parties do not dispute that in the same month that plaintiff filed the complaint in this matter, defendant's resident agent received the summons and complaint and forwarded the documents to Ghandi via e-mail. Ghandi claims that he failed to notice or open the e-mail, but that failure does not excuse his receipt of the documents. Moreover, the resident agent's e-mail to Ghandi displays that, at the very least, defendant's resident agent received notice. As previously stated, defendant's resident agent was only authorized to receive personal service in this case. MCR 2.105(D)(1). Nevertheless, MCR 2.104(A)(1) explains that proof of service may be made by "written acknowledgment of the receipt of a summons and a copy of the complaint, dated and signed by the person to whom the service is directed or by a person authorized under these rules to receive the service of process[.]" Because defendant's resident agent was a person authorized to receive service in this case, see MCR 2.105(D)(1), and because defendant's resident agent composed and sent to defendant written acknowledgment of its receipt of the summons and complaint, see MCR 2.104(A)(1), there was in fact proof of service in this case. Accordingly, the trial court abused its discretion by setting aside the default on this ground. See MCR 2.105(K)(3); *Tindle*, 346 Mich App at 474.

Nevertheless, because the trial court did not abuse its discretion by setting aside the default on the basis that a mistake or innocent misrepresentation was made in the pleadings, the trial court's decision to set aside the default was not in error. See MCR 2.612(C)(1)(a) and (c); *Tindle*, 346 Mich App at 474.

## III. ORDER FOR SUMMARY DISPOSITION

Plaintiff further argues that the trial court erred granting by defendant's motion for summary disposition and dismissing this case on service grounds. We agree.

## A. PRESERVATION AND STANDARD OF REVIEW

Because this issue was raised in the trial court, it is preserved for appellate review. See *Glasker-Davis*, 333 Mich App at 227-228. "This Court reviews de novo a trial court's decision on a motion for summary disposition, as well as questions of statutory interpretation and the construction and application of court rules." *Wells Fargo Rail Corp v Dep't of Treasury*, 344 Mich App 351, 358; 1 NW3d 373 (2022) (quotation marks and citation omitted).

## B. ANALYSIS

In this case, the trial court granted summary disposition under MCR 2.116(C)(3), which states that summary disposition is proper when "[t]he service of process was insufficient." As previously discussed, although service was not properly effectuated in this case, there was evidence that defendant was timely informed of the proceedings. See MCR 2.105(K)(3). Considering that fact, we conclude that the trial court erred by granting summary disposition on service grounds. See MCR 2.116(C)(3).

## IV. CONCLUSION

We affirm the trial court's decision to set aside the default on the basis that a mistake or innocent misrepresentation was made in the pleadings. We reverse, however, the trial court's finding that defendant did not have sufficient notice of the proceedings, and we vacate the trial court's order granting summary disposition on service grounds. We remand this case for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Randy J. Wallace
/s/ Anica Letica
/s/ Kathleen A. Feeney